CASE 101—ACTION TO FORECLOSE CHATTEL MORTGAGE—
FEB. 2.

## Coppage v. Johnson.

APPEAL FROM HART CIRCUIT COURT.

MORTGAGE, CHATTEL—WHERE TO BE RECORDED.—A chattel mortgage, to be constructive notice to a purchaser of the mortgaged property must be recorded in the county where the mortgagor resides.

J. C. GRAHAM FOR APPELLANT.

A mortgage should be recorded in the county where the property is at the time it is put to record. Singleton v. Young's exrs., 3 Dana, 559; 1 Stat. Law., 449; Vaughn v. Bell, 9 B. Mon., 447; Ky. Stats., Sec. 495; Finley's exrs. v. Linch, 2 Bibb, 566; Taylor v. McDaniel's hrs., 2 Bibb, 420; Garrison v. Haydon, 1 J. J. Mar., 222; Low v. Blinco, 10 Bush, 331.

H. C. MARTIN AND W. J. MACEY FOR APPELLEE.

The answer of Coppage was not good. It was nowhere alleged in that answer that he was a purchaser for a valuable consideration without notice of the mortgage held by appellee. Ky. Stats., sec. 496.

SAME COUNSEL FOR APPELLEE IN A PETITION FOR A REHEARING.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

This action was begun by appellee, Johnson, in the quarterly court of Hart county, to enforce a mortgage lien on

a horse owned by appellant, Coppage, but which was owned by one Vinson when the mortgage was executed. There was a personal judgment against Vinson by default, and he is not a party to this appeal.

Appellant denied the existence of the lien as to him, claiming to be an innocent purchaser for value, without notice; and this is the sole question presented.

The facts shown by the proof are that in May, 1895, appellee, Johnson, sold the horse to Vinson, and took a mortgage on the horse for $100 of the purchase price. Johnson lived in Hart county, and at the date of the execution of the mortgage the horse was in Hart county, though Vinson was then, and is, a resident of Hardin county. After the mortgage was executed, Vinson took the horse to Hardin county, his home, and kept him there till early in February, 1896, when Vinson took the horse to Grayson county, and traded him to one Witten. In the trade with Witten, Vinson told of the mortgage to Johnson, and took a writing from Witten recognizing a lien for $100. Vinson took this writing executed by Witten, and notified Johnson of the trade with Witten, and offered to exchange that writing for his own note and mortgage. This proposition Johnson declined, but then, for the first time, February 26, 1896, had his mortgage lodged for record in Hart county; and it was there recorded, but was never recorded elsewhere.

The proof further shows that Witten traded the horse, and afterwards got him back, and then traded him to appellant, Coppage. At one time Witten gave a writing that there was no lien of any kind against the horse. This writing appellant read, though not then interested. Witten assured appellant that there were no liens or claims against the horse.

After appellant got the horse, he caused inquiry to be made of the county clerk of Hardin county as to liens, and was informed that there were none there.

The question then presented is, did the recording in Hart county, after appellee knew the horse was owned by Witten in Grayson county, give constructive notice to appellant of the existence of the mortgage lien? The trial court answered in the affirmative, and ordered a sale under the mortgage, and to reverse that judgment this appeal is prosecuted.

Section 495, Kentucky Statutes, which is the section relating to recording conveyances, reads:

"All deeds and mortgages and other instruments of writing which are required by law to be recorded, to be effectual against purchasers without notice, or creditors, shall be recorded in the clerk's office of the court of the county in which the property conveyed, or the greater part thereof, shall be."

There is no material difference, as relating to the place of recording, between the above statute and the act of 1820 on the same subject.

In construing the act of 1820, as to the proper place to record a mortgage on a horse, it was held that it should be recorded in the county of the mortgagor's residence; the court saying: "If the owner of a horse should reside in one county, and ride into another for some temporary purpose, and whilst in the latter county should mortgage the horse, and take him back home with him, to his place of residence, the whole object of requiring a mortgage to be recorded would be defeated, if it were sufficient to record it in the county where the property happened to be at the time for a mere temporary purpose." Vaughn v. Bell, 9 B. Mon., 447.

Prior to the act of 1820 it was held, in Singleton v. Young, 3 Dana, 559, that a mortgage of slaves or personal property must be recorded in the county of the residence of the owner, without regard to the place where the property might then happen to be.

We are of opinion that recording the mortgage in Hart county was not sufficient to give appellant, Coppage, constructive notice, and it is clear he had no actual notice.

The mortgage, in our opinion, should have been recorded in Hardin county, the residence of the mortgagor. Any other rule would leave the place of record too uncertain. To illustrate, if the county wherein the property shall be is the proper place, this mortgage should have been recorded in Grayson county, as the horse was in that county when the mortgage was lodged for record. This is probably true, but on that particular day he might have been elsewhere. The rule is that ordinary personal property is held to have a *situs* at the residence of the owner, and a mortgage thereon should be recorded in that county.

It follows that appellee Johnson, as against Coppage, has no lien on the horse, and the judgment decreeing a foreclosure is erroneous.

The judgment is reversed, and cause remanded, with directions to dismiss the action as to appellant, Coppage.