Day & Congleton Lumber Co. v. Stadler & Co. et al.

---

CASE 73.—ACTION BY DAY & CONGLETON LUMBER CO. AGAINST MACK STRADLER & CO., IN WHICH OTHER PARTIES WERE BROUGHT IN.—September 24, 1902.

## Day & Congleton Lumber Co. v. Stadler & Co., &c.

Appeal from Wolfe Circuit Court.

From the judgment Day & Congleton Lumber Co., Appeals—Affirmed.

1. Mortgages on Personal Property—Constructive Notice.—Appellants claim a saw mill by purchase under a mortgage which was recorded in Powell county when the mortgagor resided in Wolfe couny. Appellees claim the mill by purchase under a mortgage which was recorded in Wolfe county, the county of the mortgagor's residence. In a contest as to the priority of these claims, Held, that appellees, as claimants under the mortgage executed in Wolfe county,

Day & Congleton Lumber Co. v. Stadler & Co. et al.

have the better right. In the eyes of the law, the situs of personal property is the domicile of its owner. It has, therefore, been uniformly held in this State that the recording of a mortgage of personal property, to be valid as constructive notice, must be in the county of the owner's residence, if he have a place of residence in this State.

2. Judgments—Practice.—A judgment enforcing a mortgage on personal property is not void because the petition fails to describe the property, as there is no provision of the Code requiring a description of personal property in the petition as required in case of land sought to be sold. A description of personal property subjected to sale by a decree of court, when found in the judgment, is sufficient.  Under section 120, Civil Code of Practice, the mortgage being the foundation of the action, was filed with the petition and became a part of the record.

3. Practice—Indorsement of Clerk on Papers Filed.—Section 669, Civil Code of Practice, requires that the clerk shall endorse on every paper filed in an action the day of filing it. But a paper is filed by lodging it with the clerk. His endorsement is evidential only of the fact and time of filing.

4. Res Judicata.—Where the vendors of appellants litigated the validity of a judgment with appellee, and it was decided in favor of appellee, appellants are bound by it.

A. F. BYRD for appellant.

Z. T. HURST for appellees.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

This is a contest between equities.  G. T. Center, who resided in Wolfe County, this State, owned a saw mill.  He mortgaged it in 1893 to Harry Hawes. The mill was portable, and was then situated in Powell county.  The mortgage was recorded in Powell county only.  Afterwards Center sold the mill to Godsey, also a resident of Wolfe county.  Godsey was told of the facts of the Hawes mortgage, which Center agreed to have released in time.  To secure Center in the payment of two $700 notes, evidencing

part of the purchase money, Godsey mortgaged the mill to Center. This mortgage was recorded in Wolfe county. Center assigned these two notes to appellees for value. Godsey resold the mill to Center, the latter apprising Godsey of the transfer of the notes to appellees, and agreeing to take them up. But he failed to do it. Hawes brought suit to enforce his mortgage. He did not make Mack Stadler & Co., parties, nor Godsey. A sale was decreed and had to satisfy Hawes' debt. Kelly Fulks, a half brother of Center bought the mill at this sale, but Center paid for it, continued to exercise acts of ownership over it, and from the evidence we conclude, as the circuit court did, that Center was the real purchaser.

Mack Stadler & Co., then brought suit to enforce the mortgage securing the two $700 notes of Godsey assigned to them by Center. Godsey and Center were the only parties defendant. The petition did not describe the property mortgaged, a blank having been left evidently to be filled in later. But the original mortgage was filed in the record (though not marked so), and was used in the preparation of the judgment. The court decreed a sale of the mill to satisfy the $1400 evidenced by the Godsey notes. An amended petition filed set up that Center had repurchased the mill from Godsey. Center failed to answer.

This judgment has never been executed, though rendered in September 1895. Center and Fulks brought a suit to enjoin the execution of the judgment of sale, on the ground that the judgment was void, because of a failure to describe the property in the petition, or in an exhibit, marked ''filed;'' also to vacate so much of the judgment as was a personal judgment for the money against Center. A temporary

injunction was granted, but was dissolved on final hearing, the court adjudging that the judgment of sale should be enforced, deciding against Center and Fulks on that point, but vacating the personal judgment against Center. With the latter action we have not to do in this case.

Center (or Fulks) subsequently sold the property, and through subsequent sales it has been bought by appellants. Appellees being relieved of the injunction just mentioned, took steps to execute their judgment of sale. Appellants then brought this suit to enjoin the sale, claiming that they are innocent purchasers under the Hawes mortgage foreclosure, and that the Godsey mortgage, under which appellees are proceeding, is junior to appellants' claim; and beside, that the judgment of sale in favor of appellees is void, for the same reasons urged by Center and Fulks in their suit. A temporary injunction was granted to appellants and the sale was stayed.

On final hearing the circuit court dismissed appellants' petition, dissolving their injunction.

The first question to be decided is, as between these litigants, which of the mortgages is superior?

Section 496 Kentucky Statutes is:

"No deed, or deed of trust, or mortgage conveying legal or equitable title to real or personal estate, shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deeds shall be acknowledged or proved according to law, and lodged for record."

Both of these mortgages were acknowledged by the owner of the property at the time, and were recorded. But only one, the Godsey mortgage, was recorded in Wolfe county, the county of Godsey's residence, and the county of Center's residence when he executed the mortgage to Hawes.

Section 495 of the Statutes provides that all deeds and mortgages to be effectual against purchasers or creditors shall be recorded in the clerk's office of the court of the county where the property or the greater part thereof shall be.

In the eye of the law the situs of personal property is the domicile of its owner. It has therefore been uniformly held in this State that the recording of a mortgage of personal property to be valid as constructive notice, must be in the county of the owner's residence, if he have a place of residence in this State. (Vaughn v. Bell, 9 B. Mon. 447; Singleton v. Young's executor, 3 Dana, 559; Coppage v. Johnson, 21 Ky. Law Rep. 1357.)

It is not shown that either appellants or appellees had actual notice of the mortgage under which the other is claiming. It follows therefore that appellees mortgage is superior to the title acquired under the Hawes mortgage by appellants, although the latter is the elder.

The next question is, is appellees' judgment of sale void because of a failure of the petition to describe the property? Or because of a failure of the clerk to endorse the exhibit, the original mortgage, as "filed?"

There is no Code provision requiring the petition to enforce a lien upon personal property to contain a description of the property, although it is undoubtedly better practice to do so, and a petition so deficient might be demurrable.

Section 125 of the Civil Code does require that "a petition for the recovery of land, or for its subjection to a demand of the plaintiff, must describe it so that it may be identified." Yet, under this section, it has been held that a description contained in an

exhibit filed with the petition (although there is no description in the petition) is a sufficient compliance with the section. (DeHaven v. DeHaven, 20 Ky. Law Rep. 625.)

In Posey v. Green, 78 Ky. 165 it was held that a description of land decreed to be sold, by referring to a commissioner's report in the case would be valid.

But we can perceive no reason for requiring, as a jurisdictional fact, that personal property sought to be subjected in a suit, should be described in the petition. The contrary is true as to land. The reason for the distinction is obvious.

But even if such a description were required the failure to do so would not render the judgment void, and subject to collateral attack. (Buckner etc. v. Samuels, 6 Ky. Law Rep. 663.)

We conclude that a description of personal property subjected to sale by a decree of court, when found in the judgment, the court having obtained jurisdiction of the person of the owner, is sufficient.

The property adjudged to be sold in this case is the identical property mortgaged by Godsey to Center. That fact is not disputed.

The mortgage found in the record is the genuine document. Nor is that fact questioned. Under the Code (Sec. 120) the mortgage being the foundation of the suit, was required to be filed with the petition, and when done becomes a part of the record. (Gilbert v. Bamberger, 19 Ky. Law Rep. 1836.)

Section 669 of the Civil Code requires that "the clerk shall endorse upon every paper filed in an action, the day of filing it."

A paper is filed by lodging it with the clerk of the court, where it is permissible to be done. His en-

dorsement is evidential only of the fact and time of filing. (Hanover Fire Ins. Co. v. Shrader, Tex., 33 S. W. 112; Thompson v. Foster, 6 Ark. 208; Hook v. Fenner, 18 Colo. 283; Franklin County v. State, 24 Fla. 55; Reed v. Curry, 35 Ill. 536; Building etc. Co. v. Huber, 42 Mo. App. 432.) The act of 1809 required the clerk to endorse on every pleading the time when filed, and to enter upon the order book that such pleading is filed. In Miller etc. v. Foley, 4 Bibb, 200, it was held that a failure of the clerk to make such an endorsement and order as to the filing of the defendant's plea, would not even be a reversible error, when the court had treated it as filed. This was followed in Carter v. Stennet etc., 10 B. Mon. 253, and in Bowler v. Lane, 3 Met. 311. In this case the court treated the mortgage as filed, and used it as an exhibit, and the clerk copies it into the record as a part of it. We conclude that this paper was filed, and was a part of that record.

There is another reason why appellants' title is defective: They claim through a purchase from Fulks and Center. Fulks and Center had litigated this identical question of void judgment with appellee, and the matter was adjudged against them. Their vendees are bound by that decision.

The judgment is affirmed.