## Milliken, Tax Receiver of City of Louisville v. Southern National Life Insurance Company.

(Decided October 28, 1913).

Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Taxation—Domicile for Purpose.—The taxing domicile of a domestic insurance company is where the vital acts of the company's operations are performed; and where such company maintained an office in a small village near Louisville at which its assistant secretary and three stenographers did the clerical work; but the president, secretary-treasurer, medical director and general agent of the company had offices in Louisville and there directed, controlled and conducted the operations of the company, and there the board of directors held its meetings principally, the taxing domicile of such corporation was in the city of Louisville.

2. Corporations—Corporate Domicile.—A domestic insurance corporation must state in its articles of incorporation the name of the town or city and county in which its principal office or place of business is to be located; and it is not sufficient to specify the county only, and to provide in said articles that the city or town in which said office is to be located may be determined from time to time by the board of directors. Ky. Stats., 539 and 618 require this information to be made a matter of public record; and such information is not a matter of public record unless made so by express statement in the articles of incorporation.

GEO. CARY TABB, PENDLETON BECKLEY and STUART CHEVALIER for appellant.

·JOHN W. RAY for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

The appellee is a corporation organized pursuant to the provisions of chapter 32, article 4, subsections 1 and 2 of the Kentucky Statutes. The original articles of incorporation were recorded in the clerk's office of the Jefferson County Court on July 3, 1908, and the company seems to have commenced business soon thereafter, in the Lincoln Bank Building, in the city of Louisville.

A majority of the shareholders of the corporation, on January 18, 1910, consented in writing "that the articles of incorporation heretofore filed and recorded and approved by the Commissioner of Insurance may be altered and amended by the directors or a majority thereof, as follows: Second—The principal office and place of business of the corporation shall be located in Jefferson County, Kentucky, in the city or outside the city of Louisville, as may be determined by the board of directors from time to time."

This writing was recorded in the minute book of said board of directors, but so far as the record shows not elsewhere. On August 10, 1910, a majority of the board of directors acting under the above mentioned written consent of the shareholders of the corporation, and under section 559, Kentucky Statutes, by an instrument in writing, which they signed and acknowledged, as such directors, attempted to amend the original articles of incorporation as follows:

"2. The principal office and place of business of the corporation shall be located in Jefferson County, Kentucky, in the city, or outside of the city of Louisville, as may be determined by the board of directors from time to time."

The minute book of the board of directors shows that a special meeting of the board of directors of the corporation was held on said August 24, 1910, and the following entry was made therein:

"On motion of Mr. Ray and second by Mr. Poindexter, the following amendment to the original articles of incorporation was made and ordered spread upon the minutes of the meeting: the articles of incorporation to

be amended to read that the home office of the company be in Jefferson County, Kentucky; on motion of Mr. Block and second by Mr. Adair, it was unanimously agreed that the home office should be at *Lyndon,* Kentucky, in the building owned by the company. Immediate removal and occupancy was suggested.''

Appellee contends that these acts of the shareholders and board of directors authorized the removal, and that appellee did in fact move its principal office and place of business to *Lyndon,* Kentucky, so as to change the situs of its taxable property from Louisville to that point. The city of Louisville, having levied and assessed a tax against appellee for the years 1911 and 1912, this action was brought by appellee to enjoin the collection of the taxes so assessed. The lower court on final hearing granted the injunction and made it perpetual; and appellant appeals.

Appellant contends that the amendment of the articles of incorporation above referred to did not remove, or authorize the removal of the principal office or place of business of appellee to Lyndon; and that no such removal was in fact ever made by appellee.

It will be noticed that there was no attempt made by the shareholders to amend the articles of incorporation further than to consent in writing that the board of directors could make the amendment, so as to locate the principal office, or place of business of the corporation, *in the city, or outside the city of Louisville,* as might be determined by the board of directors from time to time. The shareholders of the corporation did not by said writing consent that the change be made to Lyndon, nor do the articles of incorporation as amended by the board of directors change the principal office to Lyndon; this change was made, if at all, by an entry in the minute book of the board of directors.

Kentucky Statutes, section 617, under which appellee was organized, provides that persons may associate to establish a corporation; and section 618 provides that such persons shall execute articles of incorporation; and that such articles of incorporation shall specify the place in this State where the principal office or place of business of the corporation is to be located.

It will be noticed that there is a slight difference between this section and section 539, Kentucky Statutes, relative to the requirement, specifying the location of the principal office, or place of business. The latter sec-

tion provides that the articles of incoropration shall specify the name of the city, or town, and county, in which said office is to be located; while the former provides that, the place in this State, shall be specified.

However, there seems to be no contention between counsel as to this difference, as neither of them notice it in the briefs filed; and we will treat it with the same indifference, holding, however, that the two sections do not conflict and should be read and construed together; and that when so read, they mean that the *city or town* in which the principal office or place of business is to be located, must be stated *in the articles of incorporation.* This the amended articles of incorporation fail to do.

Section 540, Kentucky Statutes, provides that "the articles shall be recorded in the office of the Secretary of State, and said articles, or a certified copy thereof may be used as evidence in any action for or against such corporation, and all amendments thereto shall become a part of the original articles." The record does not show whether this amendment has been recorded in the office of the Secretary of State or not; but we will presume that it has; and that under the provisions of section 540, the same has become a part of the original articles of incorporation. Therefore, the articles as amended and so recorded show the city of Louisville to be the location of the principal office and place of business of appellee.

Appellee argues that the acts of the stockholders authorizing the directors, and the act of the directors changing this location to Lyndon is sufficient. But we think not. The statute says that the articles of incorporation must specify this location. This is an important requirement. It is necessary that the exact location of the principal office of a corporation shall be capable of ascertainment by examination of the public records for reasons that are obvious. The meetings of the board of directors are not public meetings; and their acts are not matters of public record. The purpose of this statute is to make this information a matter of public record, accessible to any who might have an interest therein. The articles as amended do not conform to this requirement of the statute. Therefore, the original articles having provided that the principal office and place of business was in Louisville, in law it continued to remain there.

The second question presented for determination is: Did the company in fact move to Lyndon? It will be noticed that appellee maintained its principal office in the city of Louisville from the time it commenced business until August 10, 1910, at which time the amended articles of incorporation were filed and the board of directors ordered the removal of the home office to Lyndon, which removal was made as claimed by appellee on August 29 and 30, 1910. Appellee is frank enough to admit this action was taken for the purpose of avoiding city taxes. Lyndon, is a small unincorporated village about nine miles from Louisville, having communication with Louisville by steam railroad and electric interurban railroad. After this action by the board of directors, appellee purchased for an office an eight-room frame dwelling at Lyndon; and of this, the four rooms on the first floor are occupied by appellee. On the second floor are four rooms, three of which are occupied by the Transylvania Casualty Company; the other room is vacant. A vault was built in this house for the safe storage of the records of the company. The company has at this office regularly each day from 8 a. m. to 4 p. m., four office employees, the assistant secretary of the company (who is its bookkeeper), and three stenographers. They all reside in Louisville. One room is used as the office of the assistant secretary; two are used by the three stenographers; and the remaining room is used as a stock room for the storage of stationery and supplies.

In Louisville, on the eleventh floor of the Lincoln Bank Building, the president of the company, Mr. Ed. L. Williams, and the medical director, Dr. M. K. Allen, have their offices. On the same floor is the office of Mr. F. S. Breyfogle, who in person or as president of the Southern Guaranty Company, appears to be general agent for the appellee. The secretary treasurer of the company, Mr. Wm. Higgins, has an office in the Paul Jones Building, in Louisville. All these offices have signs showing them to be offices of the Southern National Life Insurance Company. The policy-contracts, letter-heads, envelopes and other stationery of the company, show Louisville, Kentucky, as its principal office.

Louisville is the postoffice at which appellee receives and forwards its mail. The president of the company at his office in Louisville consults with the assistant secretary concerning the mail each morning as it is received; gives the assistant secretary directions with reference

thereto. The mail is then taken to Lyndon by the assistant secretary, where it is answered. Sometimes the letters of the company are signed with the president's name by the assistant secretary at Lyndon; sometimes the letters are brought to Louisville and there signed personally by the president. The president also does some correspondence from his Louisville office direct. He interviews people there in regard to the business of the company. Occasionally he dictates letters over the telephone to a stenographer at the Lyndon office. In his Louisville office, the president of the company signs all policy-contracts, and such other documents as require his signature as such president. He goes to the Lyndon office about once a month, remaining there an hour or so.

At his office in Louisville, the secretary treasurer receives the bank deposits after they have been made up by the assistant secretary. There he answers his mail. There he signs all checks as treasurer of the company; and signs all policy-contracts issued, as secretary of the company, and attests the signature of the president to such papers as may be necessary.

At his office in the city of Louisville, the medical director of the company, receives and passes upon all applications for contracts of insurance. His records are kept at the Lyndon office; his correspondence is written there, his stenographer calling him by telephone when necessary so to do, though it seems from the record that his stenographer is competent to handle most of the detail work without specific directions.

The meetings of the board of directors of the company are held principally at the Louisville office; sometimes they have been called to order at the Lyndon office and adjourned to Louisville.

Upon this state of facts the appellee claims that it has no taxing domicile in the city of Louisville.

It was said by this court in Inter-Southern Life Insurance Company v. Milliken, 149 Ky., 516, 149 S. W., 875:

"A corporation likewise is to be taxed at its home. Its home, however, cannot be ascertained like that of an individual, by such considerations as the place of his eating and sleeping, and rearing his family, casting his vote, and the like. The corporation's place of abode must be determined by other considerations. For purposes of taxation, its domicile is to be ascertained not by where it eats and sleeps, because it does neither; but by the other

essential attributes, customs and habits of its daily life. We must look to these facts, its use of its charter functions and privileges, and where they are exercised, to determine its home. Where *these vital acts* of its existence are daily done and performed, there is its taxing home.''

The question then is: Where are the *vital acts* of this insurance company performed? In Louisville, where the president and assistant secretary consult over the morning's mail, and directions are given as to the disposition of the same; or, at Lyndon, where the typewriting of the letters is done? Are they performed in Louisville, where the approval of the medical director is placed upon applications for contracts of insurance; or, at Lyndon where his records are kept? In Louisville, where the policy-contracts are signed by the president and his signature thereto is attested by the secretary; or, at Lyndon, where the work of filling in blanks in the printed form is done? In Louisville, where the funds of the corporation are deposited in banking institutions by the treasurer, and where checks are signed by him for the withdrawal thereof; or, at Lyndon where the amount due on a given account is determined by the bookkeeper? Are these vital acts performed in Louisville, where the board of directors meet and determine the fundamental policies of the company's operations; or at Lyndon, where the record of those meetings is kept? In Louisvile, where all the principal officers of the company maintain offices and direct, control and conduct the business of the company; or at Lyndon, where the assistant secretary and stenographers do the clerical work thereof?

These questions can have but one answer. Under the state of facts shown in this record, there can be no escape from the conclusion that this company performs the *vital acts* of its existence in the city of Louisville. Let the acts that are performed there by the officers of the company cease; and no more insurance contracts would be written by it; no letters would be answered; no money placed in or withdrawn from the company's depositories. The whole business of the corporation would come to a standstill, for that which gives to its operations vitality and authority is the acts performed by its officers in the city of Louisville.

We, therefore, conclude that the taxing domicile of appellee now is and ever since its organization has been,

in the city of Louisville; and appellee is, therefore, liable for city taxes for the said years of 1911 and 1912.

The judgment of the lower court is reversed, with directions to dissolve the injunction; and for further proceedings in conformity to the views herein expressed.