### Burbank & Burbank v. Bobbitt.

(Decided February 20, 1914.)

### Appeal from Henry Circuit Court.

1. Mortgages—Where Mortgage of Personalty to Be Recorded.—A mortgage of personalty, to be effectual against purchasers without notice, or creditors, must be recorded in the county of the residence of the owner thereof, that county being, in legal contemplation, the situs of the mortgaged property.

2. Residence—Married Man With Family.—The place where the family of a married man resides, is generally to be considered his residence, unless the family so resides for a temporary purpose; and if his family is permanently in one place, and he transacts his business in another, the former place is his residence.

3. Residence.—Where a life insurance solicitor and his wife boarded in Louisville, paying a monthly board, and he spent most of his time in Shelbyville and adjoining counties soliciting business, and returned to Louisville to spend the week-end with his family, he was a resident of Louisville.

4. Mortgages—Rights of Mortgagee—Residence of Mortgagor.—The rights of a mortgagee of personal property do not depend upon the recitals or representations of the mortgagor as to his residence, but upon the fact of such residence, and the actual residence of the morgagor controls the place of recording; otherwise the object of the statute requiring the record to be made in the county of the mortgagor's residence, would be frustrated by the mere act of the parties, to the injury of those whose rights were intended to be protected.

GRUBBS & GRUBBS and MOODY & BARBOUR for appellants.

TURNER & TURNER for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

The appellants, Burbank & Burbank, are general agents, in Kentucky, for the Aetna Life Insurance Company; the appellee, Robek, being, at the times hereinafter mentioned, a solicitor for that company, working under the Burbanks, principally in the counties of Shelby and Henry.

On September 6, 1912, Robek being indebted to Burbank & Burbank in a sum hastily fixed at $600.00, he executed his note to them for that amount, secured by a mortgage upon a "Ford" automobile. The notes and mortgage were executed in Jefferson County on September 6th, and the mortgage was recorded in the Jefferson County Court Clerk's office on September 20, 1912. It was afterwards ascertained, however, from a more careful examination of Robek's account with appellants, that he owed them $635.00, and for this amount he gave them six new notes aggregating $635.83, dated October 22, 1912, in place of the original note for $600.00, it being agreed, in writing, that the new notes should be secured by the mortgage theretofore given.

On December 2, 1912, Robek sold the automobile to the appellee Bobbitt, a resident of Eminence, Henry County, for $300.00, paid on that date. Bobbitt had not examined the court records for liens upon the automobile at the time he paid the $300.00 on December 2nd, but on the next day he went to Shelbyville for that purpose, and found there were no liens or mortgages of record in that county, against the automobile. He ascertained, however, about three days later, the existence of appellants' mortgage recorded in Jefferson County. In the mean-

time, however, Robek had left the State, and has not been heard of since.

On January 16, 1913, the Burbanks filed this suit against Robek the mortgagor, and Bobbitt, the purchaser of the automobile, for the purpose of enforcing their mortgage lien. Bobbitt answered, alleging he had no actual notice of appellants' mortgage at the time he bought and paid for the automobile, and claiming that the record of the mortgage in Jefferson County was not constructive notice to him.

The chancellor dismissed the petition as to Bobbitt, and the Burbanks appeal.

The rule is thoroughly established that for conveyances to operate by way of constructive notice, they must be recorded within the territorial limits prescribed by the statute.

Section 495 of the Kentucky Statutes, reads as follows:

"All deeds and mortgages and other instruments of writing which are required by law to be recorded, to be effectual against purchasers without notice, or creditors, shall be recorded in the clerk's office of the court of the county in which the property conveyed, or the greater part thereof, shall be."

Under this statute, it has been consistently held by this court that a mortgage on personalty should be recorded in the county of the residence of the owner thereof, that county being, in legal contemplation, the *situs* of the property. Coppage v. Johnson, 107 Ky., 620; Day & Congleton Lumber Co., v. Stadley, 139 Ky., 587; Miller's Supply Co. v. Louisa Water Co., 128 Ky., 476.

The proof sustains Bobbitt's claim that he had no actual knowledge of appellants' debt or mortgage at the time he bought the automobile. The decision must turn, therefore, upon the question whether appellants' mortgage was legally recorded in Jefferson County. If it was, it carried constructive notice to Bobbitt, and appellants' mortgage must prevail over his purchase; but, if it should have been recorded in Shelby County as Bobbitt contends, he had no constructive notice, and bought free of appellants' mortgage lien.

The proper place of record, therefore, depends upon the determination of this single question; where was

Robek's residence on September 6, 1912, when he exe-
cuted the note and mortgage?

The Burbanks took charge of the General Agency
for Kentucky on August 1, 1912. At that time, so far
as this record shows, Robek had been soliciting insur-
ance for the Aetna Company in Shelby County since
about March 29, 1912. At that time he and his wife
lived at the Galt House, in Louisville, he going to Louis-
ville every week-end and remaining there from Friday
or Saturday evening until Monday morning, when he
would return to Shelbyville and spend the rest of the
week there soliciting insurance. At Shelbyville he put
up at the Armstrong House. When Robek would go
to the Galt House, in Louisville, he would register as
coming from Shelbyville; and when he would put up at
the Armstrong House, in Shelbyville, he would register
as coming from Louisville.

About June 29th, Robek and his wife left the Galt
House and went to board with Mrs. Ruddell at 830
Fourth street, in Louisville, where they remained one
month. Mrs. Ruddell having arranged to move her
boarding house to Fourth and Ormsby streets in Louis-
ville, Robek and wife spent the month of August at the
Seelbach Hotel in that city, and went again to board
with Mrs. Ruddell at Fourth and Ormsby streets on
September 1, 1912, where they remained until they left
Kentucky early in December.

Robek paid a flat monthly board for himself and his
wife, returning to Louisville for the week-end, and
spending the rest of the week at Shelbyville, in the same
way he had done while he lived at the Galt House. Dur-
ing this entire period Robek's wife lived in Louisville.

Robek bought the "Ford" automobile in Shelbyville
in May, 1912, giving his check therefor upon the Farm-
ers and Traders Bank, of Shelbyville. It appears, how-
ever, from the proof, although not as clearly as it might
be, that the dealer in Shelbyville was permitted to sell
the machines only to residents of Shelby County; and
that when Robek bought the automobile, he gave Shelby-
ville as his residence; and the license which was issued
to him by the Secretary of State on May 31, 1912, re-
recited that his "address" was Shelbyville, Ky. The
application or statement for registration and license

merely stated that Robek's "address" was Shelbyville; it did not say that he was a resident of Shelbyville.

The mortgage given to appellants on September 6, 1912, recites that it was made, "by and between A. W. Robek, of Louisville, Ky., of the first part;" and in the subsequent agreement of October 22, 1912, in which the amount of the debt was corrected as above indicated, Robek further recites that he was "of Louisville."

Two of the witnesses for appellee say that Robek was a resident of Shelbyville; but it clearly appears from the cross-examination that they were merely giving their opinions and not the facts upon which residence must be predicated.

There is little or no dispute about the facts; the only trouble comes from interpreting them. It will be noticed, however, that while Robek was a transient at the Armstrong Hotel, in Shelbyville, after September 1st, he never changed his mode of living for himself and his wife in Louisville.

Section 1478 of the Kentucky Statutes, which prescribes the rules which shall be observed in determining the residence of a person offering to vote provides, in part, as follows:

"1. That shall be deemed his residence where his habitation is, and to which, when absent, he has the intention of returning. * * *

"5. The place where the family of a married man resides shall generally be considered his residence, unless the family so resides for a temporary purpose. If his family is permanently in one place, and he transacts his business in another, the former shall be his residence."

While the statute, *supra,* was primarily drawn for determining the residence of voters, we see no reason why it should not, by analogy, be applied generally, in so far as it is applicable, in determining the question of residence.

If Robek was sufficiently qualified as to residence to vote in Louisville, that city was certainly his residence within the meaning of the rule which requires a chattel mortgage to be recorded in the county of the mortgagor's residence.

Appellants put stress upon the fact that in the mortgage as well as in the subsequent paper of October 22nd,

Robek is described as "of Louisville, Ky." and they insist that the mortgage showing upon its face that Robek resided in Louisville, which is in Jefferson County, the mortgage is, *prima facie*, a valid lien, and the burden of proof rests on Bobbitt to show that it was not recorded in the county where Robek resided. In support of this position, appellants cite Brown v. Corbin, 121 Ind., 458, and Brittenham v. Robinson, 18 Ind. App., 502, which sustain that view.

In the same way Bobbitt relies upon Robek's statement in his application to buy the automobile, and in his application for a license, wherein he is said to be "of Shelbyvlle."

This rule of evidence, however, has not been approved by some of the courts of last resort, and has been disapproved by the Supreme Court of the United States in Stewart v. Platt, 101 U. S., 817, where the court said:

"Some stress is laid upon the fact that in each of the mortgages the mortgagors are described as 'of the City of New York.' If that is to be regarded as a representation by them that their fixed abode was in that city, it is obvious that the statute, designed for the protection of creditors, subsequent purchasers and mortgagees in good faith, cannot thus be defeated. Their rights depend not upon recitals or representations of the mortgagors as to their residence, but upon the fact of such residence. The actual residence controls the place of filing, otherwise the object of the statute would be frustrated by the mere act of the parties to the injury of those whose rights were intended to be protected. The recital of the residence in the mortgage 'seems to be of no importance, and might for the matter of security be omitted altogether.'

"Nelson, Ch. J., in Chandeler v. Bunn, Hill & D. Supp. (N. Y.), 167."

See also In Re Brannock, 131 Fed., 819, and Tweto v. Bureau, 90 Minn., 451.

We think the rule above laid down by the Supreme Court of the United States is the better rule, since the rights of creditors, subsequent purchasers, and mortgagees in good faith, should depend upon the fact of the mortgagor's residence rather than upon recitals or representations of the mortgagor as to his residence. It is, however, the residence of the mortgagor and not the place of his business that determines the place of filing.

In our opinion the proof shows that Robek lived in Louisville, and did his business principally in Shelby, Henry and Nelson Counties. Certainly, it cannot be said that Robek lived in each of those counties; and the contention that he lived in Shelby County rests solely upon the fact that he had his temporary business headquarters at Shelbyville, in that county. During all this time, however, his family and permanent residence, were in Louisville, from which place he would work in different counties of the State. His business might take him to a new county any day. But it was to Louisville where his family resided, that he always returned; Shelbyville, Eminence, Bardstown and other places being the fields of his business activities, merely. In our opinion Robek resided in Louisville at the time he executed the mortgage; and being a resident of Louisville, his mortgage was properly recorded in Jefferson County, and the chancellor should have given it precedence over the claim of Bobbitt.

Judgment reversed, and action remanded for further proceedings consistent with this opinion.