**BEAVER CREEK CONSOL. COAL CO. v. PORTER MIN. CO.**

**In re JEFFREY MFG. CO. et al.**

District Court, E. D. Kentucky.

Feb. 22, 1929.

Robt. T. Caldwell, of Ashland, Ky., and B. F. Combs, of Prestonsburg, Ky., for receiver of Porter Min. Co.

Gray & Tilton, of Ashland, Ky., for Jeffrey Mfg. Co.

W. W. Barbour, of Ridgeway, Pa., and Johnson & Hinton, of Pikeville, Ky., for Ridgeway Dynamo & Engine Co.

ANDREW M. J. COCHRAN, District Judge.

This suit is before me on the claim of the Jeffrey Manufacturing Company and Ridgeway Dynamo Engine Company to a lien, and their right to a lien depends on whether their mortgages were recorded in the proper county. They were both recorded in Floyd county. Section 495, Carroll's Kentucky Statutes (6th Ed. 1922), provides that "all deeds and mortgages * * * shall be recorded in the clerk's office of the * * * county in which the property conveyed, or the greater part thereof, shall be." This legislation goes back to the act of 1820. It will be noted that no distinction is made between real and personal property. The same requirement is made as to the one as to the other. In the case of Vaughn v. Bell, 9 B. Mon. 447, it was said: "The language used in this last named act [i. e. act of 1920] applies more appropriately to land, than to personal property."

As to real property, what the statute calls for is actual location. It cannot be anything else. Such property always has an actual location. It cannot have a constructive location. Though personal property can have a constructive location, as the same language is used as to it as to real property, it would seem that what is called for as to it is actual location and not constructive. The language used contemplates actual location. The mortgage as to it is to be recorded in the county where such property "shall be," i. e. where it actually is. That such is the thought is made certain by the fact that the requirement is that such a mortgage shall be recorded in the county "in which the

property conveyed or the greater part thereof" shall be. This contemplates the possibility that personal as well as real property may be located in two counties, in which case the requirement is that the mortgage therein shall be recorded in the county where the greater part thereof is located. Now personal property can be constructively located in but one county. It can be located in two counties actually only. According to the literal requirement, therefore, of the statute it is that a mortgage on personal property shall be recorded in the county where such property is actually located at the time of the execution of the mortgage. This negatives the idea that constructive location has anything to do with the place of recordation.

But, in view of the fact that personal property is movable, it is possible for it to be temporarily in one county, but usually in another, as, for instance, at the place of the residence of the owner. The Court of Appeals of Kentucky was early confronted with the questions as to where a mortgage should be recorded when, at the time of its execution, the personal property covered by it was temporarily in a county different from the mortgagor's residence. It was held that in such a case the mortgage should be recorded in the county of the mortgagor's residence. It was so held in the following cases, to wit: Singleton v. Young's Ex'rs, 3 Dana, 559; Vaughn v. Bell, 9 B. Mon. 447; Coppage v. Johnson, 107 Ky. 620, 55 S. W. 424; Day & Congleton L. Co. v. Mack Stadler & Co., 139 Ky. 587, 69 S. W. 712; Burbank & Burbank v. Bobbitt, 157 Ky. 524, 163 S. W. 457.

The basis of the holding was that what the statute had in mind was permanent location, not temporary. Personal property is permanently located where it usually is and it usually is at the residence of the owner. It was driven to this view by the necessity of certainty as to the place where the mortgage is to be recorded.

The case of Singleton v. Young, involved a mortgage on slaves. It was said: "Lands, being permanent, indicate with certainty their own neighborhood as the proper place of preserving the evidences of title. But personal property, being movable and liable to frequent changes of position, its actual position at the time of making a conveyance, furnishes no useful indication of the place for recording the evidences of transfer. The owner, also, may change his residence, but his personal property is still more liable to change its position; and it is less easy to trace it through its various localities than

to trace the owner through his changes of residence." Again it was said: "It must, however, be admitted, that neither the residence of the mortgagor, nor the position of the property, at the date of the mortgage, furnishes so certain an index to the place where the record of the instrument ought to be and may be found, as is furnished in the case of a conveyance of land; * * * but we think the residence of the party being more permanent, and more easily traced than the locality of his moveable property, is more appropriate to the purposes of the law, and answers as well to its literal requisition."

The case of Vaughn v. Bell involved a mortgage on a horse. It was said: "Whether, therefore, the act of 1820, has or not produced any change in the law as it was at the time of its passage in reference to the place of recording a mortgage on personal property, when the property is situated for some permanent purpose, in a county different from that in which the mortgagor resides at the time, (which we do not now decide,) we are well satisfied that no such change is produced by it, when the property usually remains in the county where the mortgagor resides, and happens to be in another county for some temporary purpose merely, at the time the deed is executed."

The case of Coppage v. Johnson, 107 Ky. 620, 55 S. W. 424, 425, also involved a mortgage on a horse. It was said: "Any other rule would leave the place of record too uncertain."

The case of Day & Congleton L. Co. v. Mack, Stadler & Co., 139 Ky. 587, 69 S. W. 712, 713, involved a mortgage on a portable engine. It thus generalized the three preceding cases cited: "In the eye of the law the situs of personal property is the domicile of its owner. It has, therefore, been uniformly held in this state that the recording of a mortgage of personal property to be valid as constructive notice, must be in the county of the owner's residence, if he have a place of residence in this state."

The case of Burbank & Burbank v. Bobbitt, 157 Ky. 524, 163 S. W. 457, involved a mortgage on an automobile. It was said: "Under this statute, it has been consistently held by this court that a mortgage on personalty should be recorded in the county of the residence of the owner thereof, that county being, in legal contemplation, the situs of the property."

The statement in the quotations from these last two cases that the holding of the preceding three that the mortgage should be

recorded in the county of the residence of the owner of a mortgaged property was because such is the situs thereof is broader than such holding warrants. They do not deal with the situs of personal property. They simply interpret the requirement of the statute that a mortgage thereon shall be recorded in the county where the personal property covered by it shall be, i. e., is at the time of the execution of the mortgage. The meaning is that it shall be recorded where such property is permanently located, which is where it "usually remains," which is at the mortgagor's residence and not where it may temporarily be. This gives reasonable certainty as to the place of recordation of personal property, as near to the certainty as to the place of recordation of a mortgage on real estate as it is possible to have it. In none of these five cases was the question involved as to where a mortgage on personal property "situated for some permanent purpose in a county differing from that in which the mortgagor resides at the time" should be recorded. The decision of this question was expressly waived in the case of Vaughn v. Bell. It was involved in the case of Miller Supply Co. v. Louisa Water Co.'s Assignee, 128 Ky. 476, 108 S. W. 870, 872, but not decided. As to the decisions in the cases of Vaughn v. Bell, Coppage v. Johnson, and Day & Congleton L. Co. v. Mack Stadler & Co., the court said that they "were cases wherein mortgages were executed upon property not permanently located in 'the counties where the mortgages were executed. In the first two cases the mortgages were executed upon horses, and in the last the mortgage was given upon a portable engine. The property in this case was purchased for the construction of the water plant, and whether the mortgage should have been recorded in the place of the actual situs of the property or in the county of the residence of the owner we do not decide, for the reason we have arrived at the conclusion that the mortgage did not create a lien upon the property for another reason."

There is nothing in any of these decisions of the Court of Appeals of Kentucky which requires or allows a mortgage on personal property permanently located in a county differing from that of the residence of the mortgagor to be recorded in the county of such residence. There is no reason why it should be recorded there. There is and can be no uncertainty as to where such property is located. Its whereabouts is just as certain as that of real property. The only construction resorted to in those five decisions where

it was held that the mortgage should be recorded in the county of the mortgagor's residence, was as to what constitutes the permanent location of personal property of which movability is a characteristic. It is where it "usually remains," i. e., at the residence of the mortgagor.

It seems to me, therefore, that where personal property is permanently located in a county other than the residence of the owner and mortgagor the mortgage should be recorded in the former and not in the latter county. Such is the literal requirement of the statute and there is no reason for saying that such is not its spirit. As I recollect it the personal property covered by the claimants' mortgages, respectively, is located in Knott county. At the time the mortgages were given each was permanently located there or it was contemplated that it should be. Each is a fixture and it may be a question whether it is not a part of the real estate. As the mortgages were not recorded in Knott county, the claimants' right to a lien must fail.

As I view it the decisions relied on by counsel for trustee have no bearing here. In the case of Fairbanks Steam Shovel Co. v. Wills, 240 U. S. 642, 36 S. Ct. 466, 60 L. Ed: 841, the Illinois statute (Hurd's Rev. St. 1909, c. 95, § 2) involved required mortgages to be recorded in the county in which the mortgagor resided and the mortgagor actually had and maintained an office in Chicago, though it did not occupy it. The decisions in the cases of Inter-Southern Life Ins. Co. v. Milliken, 149 Ky. 516, 149 S. W. 875, L. R. A. 1917A, 460, and Milliken v. Southern Nat'l Life Ins. Co., 155 Ky. 529, 159 S. W. 1141, recognize that the residence of a corporation is at the place designated in its charter as its chief office or place of business except where it changes its residence in this particular in order to avoid taxation. Possibly the same rule would apply if the original place is named for that purpose, evidenced by its actually having its chief office and place of business elsewhere. But it does not seem to me that this position has any bearing here in construing section 495.

If I were put to the choice whether the mortgages in question should have been recorded in Floyd, adjoining Knott and where the corporation actually resided, or Boyd, the city of Ashland which is named in its charter as its chief office or place of business, I would choose Floyd. That position involves a single construction, to wit, that personal property is located at the owner's residence,

when as a matter of fact it is permanently located elsewhere. The other involves an additional construction, to wit, that a corporation resides at the place named in its charter when as a matter of fact it actually resides elsewhere.