### In re HENRY.

District Court, E. D. Kentucky.
July 18, 1932.

M. A. Gray, of Corbin, Ky., and Thompson & Thompson, of Lexington, Ky., for petitioning creditors.

Grover Thompson, of Lexington, Ky., for Henry White, trustee.

Ben V. Smith & Son, of Somerset, Ky., for National Cash Register Co.

Stephens & Steely, of Williamsburg, Ky., for bankrupt.

ANDREW M. J. COCHRAN, District Judge.

This proceeding is before me on a petition for review filed by the National Cash Register Company complaining of an order of the referee disallowing its lien on a certain cash register sold by it to the bankrupt. The sale was made and lien given by a conditional sales contract on January 12, 1929. This contract was not recorded until April 3, 1929. The bankrupt lived in that portion of Corbin located in Knox county and did business in that portion thereof in Whitley county. The cash register was located at his place of business. The contract was recorded in Whitley county and not in Knox county, the place of his residence. The Kentucky Court of Appeals has recently held that conditional sales contracts have to be recorded in order to be valid against creditors under section 496, Kentucky Statutes, the same as before the Uniform Sales Act. The question here is whether the contract should have been recorded in Knox county, the place of the bankrupt's residence. I do not feel certain that it should, and think that possibly the recordation in Whitley county was sufficient. The tendency of the decisions of the Kentucky Court of Appeals is to require recordation of mortgages on personal property at the place of the residence of the mortgagor in all cases. In no case has it ever been held that recordation in any other county was valid. And in the case of Burbank & Burbank v. Bobbitt, 157 Ky. 524, 163 S. W. 457, 459, it was said: "It is, however, the residence of the mortgagor, and not the place of his business, that determines the place of filing."

The question would seem to be unimportant in this case, as it is stipulated that a large part of the indebtedness of the bankrupt, more than the value of the cash register, was created after January 12, 1929, and before April 3, 1929. As to such indebtedness the lien is invalid though the recordation in Whitley county may have been proper.

The order of the referee is affirmed.