# Wyrick v. Commonwealth.

(Decided Nov. 22, 1932.)

ROBERT R. FRIEND, H. E. HAY, and J. J. TYE for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This appeal challenges the regularity of the proceedings resulting in a judgment convicting appellant of selling personal property upon which there was a mortgage of record, and fixing his punishment at one year's imprisonment in the penitentiary.

The facts disclosed by the evidence are these: Appellant was the owner of a Star drilling machine, worth about $2,000, on which he executed and delivered on August 24, 1926, to the Combs Bros. Development Company a mortgage for $700, which was recorded in Lee county. Some time later, according to the prosecuting

witness, Clarence G. Sproul, and his wife, appellant sold him a half interest in the machine for $1,000. No bill of sale or other writing accompanied the transaction, and none of the consideration was paid at the time. He and appellant were to be partners in the operation of the machine, and he afterwards paid the $1,000 consideration by discharging appellant's part of obligations incurred in the operation of the machine. These bills were for supplies which had been furnished to him. On cross-examination Sproul was shown a paper dated July 24, 1930, which was signed and acknowledged by him before a notary public certifying that he had no interest whatsoever in the drilling machine, and that to the best of his knowledge it belonged to D. P. Wyrick, of Richmond. Sproul admitted signing the writing, but claimed that he did not have his glasses with him, and the writing had been changed, and that he believed he was signing a mere order permitting appellant to move the machine. On the other hand Wyrick denied selling to Sproul any interest in the machine, and testified in substance that he merely rented him the machine to drill three wells for which Sproul was to pay him $250 a well. Appellant further testified that the writing signed by Sproul was in the same condition and had never been changed. E. W. McWilliams, who did some drilling with the machine in McCreary county, testified that he was working for Sproul, had no contract with appellant, and that the note which had been signed was for money owed him by Sproul, and not by Wyrick. Sawyer Decker was present on one occasion when Wyrick asked Sproul for some money that he owed for the use of the machine, and Sproul said that he was hard up and he could not get the money.

It is first insisted that the evidence for the commonwealth presented two distinct and inconsistent states of fact; one supporting, and the other disproving, the crime charged, and for this reason appellant's motion for a peremptory instruction should have been sustained. We are unable to take this view of the case. The evidence introduced by the commonwealth went no further than to show a sale of the drilling machine. The writing in which Sproul disclaimed any interest in the machine was offered by appellant on cross-examination. It was competent as a statement inconsistent with his evidence that he had purchased a half interest in the machine, and subject to explanation by

the witness. Section 597, Civil Code of Practice; Pierson v. Commonwealth, 229 Ky. 584, 17 S. W. (2d) 697; Miller v. Commonwealth, 236 Ky. 448, 33 S. W. (2d) 590. Notwithstanding the inconsistent statements, it was for the jury to say whether or not they believed Sproul's evidence that he purchased a half interest in the machine.

We do not regard the omission of the word "felonious" or "feloniously" from the indictment as fatal to its validity. The offense is a statutory one. The gist of the offense is the fraudulent selling of any personal property on which there is at the time a mortgage of record, with the fraudulent intent to prevent or hinder the enforcement of the lien thereon, or the foreclosure of the mortgage. The indictment follows the language of the statute and charges that appellant "did unlawfully and wilfully, knowingly and fraudulently sell" a one-half interest in the machine "with the fraudulent intent to prevent or hinder the enforcement of the lien thereon and prevent the foreclosure of the mortgage thereon." Manifestly, if the sale was made with such intent, the crime was complete, and it was unnecessary to charge that the sale was with a felonious intent.

The statute, which is section 1358, is as follows: "If any person shall fraudulently sell, conceal, dispose of or remove from this state any personal property on which there is at the time a mortgage of record or any lien given under the statute laws of the Commonwealth of Kentucky with intent to prevent or hinder the enforcement of the lien thereon or the foreclosure of the mortgage or lien and sale of the property, he shall be deemed guilty of the larceny of the property, and if the value thereof be twenty dollars or more, shall be punished by confinement in the penitentiary not less than one year nor more than five years. The selling, concealing, disposing of or removing from the state of such property shall constitute prima facie evidence of intention to prevent or hinder the enforcement of the lien thereon or the foreclosure of the mortgage or lien and sale of said property."

The point is made that it is essential to a conviction that the mortgage be legally recorded; that under our statute and decisions the recording of a chattel mortgage to be valid as constructive notice must be

in the county of the owner's residence, if he have a place of residence in this state; and that the uncontradicted evidence shows that appellant, who is a resident of this state, did not live in Lee county where the mortgage was recorded. On the other hand the commonwealth contends that the crime is complete if the accused sells personal property on which there is a mortgage of record, regardless of where the mortgage may be recorded. In some states it is not required that the mortgage be of record, but the courts uniformly hold that the mortgage must be valid. Shuman v. State, 62 Fla. 84, 56 So. 694; Farmer v. State, 18 Ga. App. 307, 89 S. E. 382; State v. Wilson, 73 Kan. 334, 80 P. 639, 84 P. 737, 117 Am. St. Rep. 479; Monasco v. State, 105 Miss. 551, 62 So. 427. The Legislature must have intended something by the requirement that the mortgage be of record. The only purpose of recording a mortgage is to make it valid as constructive notice. If not recorded in the proper place, it has no more effect than an unrecorded mortgage, and the words "of record" in the statute would add nothing whatever to the statute. We are therefore constrained to the view that the words "of record" mean of record in the county where the mortgage is properly and legally recordable for the purpose of constructive notice. As the uncontradicted evidence shows that appellant lived in Kentucky at the time the mortgage was recorded, and did not live in Lee county, the mortgage was not properly recordable in that county, and therefore was not a mortgage "of record" within the meaning of the statute. Day & Congleton Lumber Co. v. Stadler & Co., 139 Ky. 587, 69 S. W. 712, 24 Ky. Law Rep. 640; Burbank & Burbank v. Bobbitt, 157 Ky. 524; 163 S. W. 457.

It follows that appellant's motion for a peremptory instruction should have been sustained.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.