**In Re GREEN RIVER COAL COMPANY, INC., Debtor.**

Bankruptcy No. 93–40568(3)11.

United States Bankruptcy Court, W.D. Kentucky.

March 30, 1994.

John R. Leathers, Buchanan Ingersoll, P.C., Lexington, KY, Kenneth E. Aaron, Stuart M. Brown, Nathaniel Metz, Thomas L. Van Kirk, Buchanan Ingersoll, P.C., Philadelphia, PA, Bruce McCullough, Bruce A. Americas, Buchanan Ingersoll, P.C., Pittsburgh, PA, for debtor.

Bobbie T. Shell, Baker & Botts, L.L.P., Dallas, TX, Dulce M. Utset, Houston, TX, Kyle A. Cooper, Greene & Cooper, John P. Reisz, Wyatt, Tarrant & Combs, Louisville, KY, for Bank Group.

Phillip G. Abshier, Ron Bamberger, Bamberger & Abshier, Owensboro, KY, for Unsecured Creditors' Committee.

Joseph J. Golden, Scott J. Goldberg, Louisville, KY, Asst. U.S. Trustees.

### MEMORANDUM

DAVID T. STOSBERG, Bankruptcy Judge.

The Court presently confronts a controversy requiring an interpretation of Kentucky's version of the Uniform Commercial Code. The Unsecured Creditor's Committee (the "Committee") has challenged the secured status of key creditors in this case, Texas Commerce Bank National Association, Norwest Bank Denver, N.A., Banque Paribas and Den norske Bank AS (collectively, the "Bank Group"). The issue is whether the continuation statement filed by the Bank Group in the same county as the properly filed original financing statement, continues the effectiveness of the Bank Group's security interest when the Debtor has changed its corporate residence.

### FACTS

The parties essentially agree on the facts surrounding this controversy. On or about April 15, 1988, the Debtor and the Bank Group executed a credit agreement whereby the Debtor granted the Bank Group liens and security interests in substantially all of its assets as collateral for loans made by the Bank Group. The Bank Group properly filed its financing statement in Hopkins County, Kentucky, the county of the Debtor's registered office. (See K.R.S. 355.9–401). On November 12, 1992, the Bank Group filed its continuation statement in Hopkins County, where the original financing statement had been filed. Between the time the Bank Group filed the original financing statement and the time it filed the continuation statement, the Debtor moved its registered office from Hopkins County to Muhlenberg County. The Committee now alleges that the Bank Group should have filed its continuation statement in Muhlenberg County, the county of the Debtor's registered office at the time the continuation statement was filed.

426

## Legal Discussion

Our analysis originates with Article 9 of the Kentucky Uniform Commercial Code (the "UCC"). Specifically, K.R.S. 355.9-401(3) states:

A filing which is made in the proper place in this state continues effective *even though the debtor's residence* or place of business or the location of the collateral or its use, whichever controlled the original filing, *is thereafter changed.* (emphasis added).

The longstanding underlying philosophy of Kentucky's Uniform Commercial Code is the promotion of stability and certainty in the recording of mortgages and liens on real and personal property in Kentucky. *National Cash Register Co. v. K.W.C., Inc.*, 432 F.Supp. 82, 87 (E.D.Ky.1977). *See also, Beaver Creek Consol. Coal Co. v. Porter Min. Co.*, 60 F.2d 602 (E.D.Ky.1929). Although the UCC does not designate the place to file a continuation statement, K.R.S. 355.9-401(3) and K.R.S. 355-9-403(2) have been construed, consistent with the Code's philosophy, to require that the continuation statement be filed in the same office as the original filing. 68A Am.Jur.2d § 411 (*citing State Sav. Bank of Hornick v. Onawa State Bank*, 368 N.W.2d 161 (Iowa 1985)). As stated by the Court in the *National Cash Register* case, "if the original filing is correct, such creditors need not be concerned with subsequent changes in the corporate debtor's residence." 432 F.Supp. at 87.

Our analysis does not stop with K.R.S. 355.9-401(3), as we find further guidance from K.R.S. 355.9-403(3), which reads, in part, "[t]he filing officer shall so arrange matters by *physical annexation* of financing statements to continuation statements ... that if he physically destroys the financing statements ..., those which have continued by a continuation statement ... shall be retained." (emphasis added). *See also, In re Barnes*, 1974 WL 21729 (Bankr.D.Me.1974). In keeping with the requirement of physical annexation of a continuation statement to the original financing statement under K.R.S. 355.9-403(3), such requirement would be impossible for the clerk to fulfill if, as in this case, the Bank Group had filed their continuation statement in Muhlenberg County.

Moreover, K.R.S. 355.9-403(3) does *not* require that the continuation statement identify the place of the original filing, which would follow if the drafters had intended that it be filed in a county other than the county of the original filing. Nor does the UCC at K.R.S. 355.9-403(2) and (3) (or elsewhere) command that the debtor sign the continuation statement in order to continue the effectiveness of the original financing statement. K.R.S. 355.9-403(3) mandates *only* the signature of the secured party on continuation statements. The omission of any provision requiring a lender to seek out the debtor for a signature on the continuation statement further implies that the secured creditor need not perpetually police its debtor and bear the impossible burden of following every debtor to new and constantly changing residences. Indeed, to require a lender to constantly chase a debtor over Kentucky's 120 counties would undoubtedly cause a comedy of errors. We decline to require lenders to engage in such a farce!

Fulfillment of the UCC's philosophy of stability may, but should not normally, produce harsh results. To hold in favor of the Committee would create a windfall for the Committee at the expense of the Bank Group. Accordingly, we overrule the Committee's objection and find that the security interest of the Bank Group was properly continued by the filing of a continuation statement in Hopkins County, Kentucky.

An Order consistent with the findings and conclusions of this Memorandum shall be entered this same date.

## ORDER

Pursuant to the findings and conclusions set forth in the Court's Memorandum entered this same date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the objection of the Creditor's Committee to the perfected status of the Bank Group's security

interest is overruled and the claim of the Bank Group is allowed as a secured claim.