## HUNT *vs.* BOWEN.

1. By the laws of Alabama, a mortgage of personal property may be admitted to record without acknowledgment and proof of execution, and without witnesses; and when recorded, it operates as notice of its contents.

2. Where a mortgage on personal property, then in Georgia, is executed in this state by a non-resident thereof, the law requires it to be recorded in the county where the property is when it is executed. Where a mortgage so executed was not thus recorded until long after the time provided by law, and until the property had been surrendered by the mortgagor to the person from whom he bought it, and to whom he had given a mortgage with a reservation of title in the vendor until payment, which was recorded in Alabama, and until the property had been sold after such surrender to a third person, the Georgia mortgage lost its lien, and the last purchaser took the title freed therefrom.

3. Whether the horse, which was the subject of the controversy, was properly described in the Alabama mortgage, and whether or not the horse so described was the same as that levied on under the Georgia mortgage, were questions of fact which were properly left to the jury.

November 17, 1885.

Mortgage. Record. Notice. Liens. Before Judge WILLIS. Muscogee Superior Court. May Term, 1885.

Reported in the decision.

HATCHER & PEABODY, for plaintiff in error.

McNEILL & LEVY, for defendant.

BLANDFORD, Justice.

This was a claim case. George P. Swift & Son sold a sorrel pony horse, with one eye, to E. P. Bowen, of Russell county, Alabama, and took his note for the purchase price of the horse, with a mortgage on the horse and a reservation of title. This paper was not executed before any officer, but was recorded in Russell county. E. P. Bowen, being unable to pay for the horse, surrendered it to Swift & Son, who afterwards sold it to J. D. Bowen, the claimant. C. D. Hunt, in Columbus, having made and being about to make advances to E. P. Bowen took from him a mortgage on a bay mare named Betty. This was witnessed by a commissioner of deeds for the state of Alabama, resident in Georgia; both Bowen and the horse were in Georgia when this paper was executed, and it is junior in date to the mortgage of Bowen to Swift & Son; it was recorded in Russell county, where Bowen resided.

The horse having been brought into Muscogee county, Georgia, some two years from the date of his mortgage, Hunt caused it to be recorded in Muscogee county, and foreclosed the same, and caused it to be levied on a horse in J. D. Bowen's possession. The levy describes the horse as a bay mare, eight years old. Bowen interposed a claim.

On the trial, Hunt contended that the horse levied on was not the horse which Swift had sold to E. P. Bowen, and if it was, that his mortgage had priority over Swift's, because his was properly witnessed and recorded, and that Swift's was not so probated as authorized its record; and also, that Swift's mortgage contained a misdescription of the property and the record was no notice to him. Bowen, the claimant, contended that Hunt having taken a mortgage from a person who was not a resident of this state at the time and upon property then in the state, Hunt's mortgage was not recorded in time in this state; hence he lost whatever lien or priority he had. The identity of the property was left to the jury. Under the evidence, he jury found the issue for the claimant.

1. By the laws of Alabama a mortgage of personal property may be admitted to record without acknowledgment and proof of execution and without witnesses, and when recorded, it operates as notice of its contents. See case of Bickley vs. Keenan & Co., 60 Ala., 293. This being the law of that state, it follows that, Swift's mortgage being the older, and recorded in time in that state, its lien had priority.

2. The mortgage of Hunt was upon property in this state, in Muscogee county where the mortgage was executed, and at that time the mortgagor was a non-resident. In such a case, the law requires the mortgage to be recorded in the county where the property was when the mortgage was executed,—in this case in Muscogee county. Code, §1956. The mortgage of Hunt was not recorded in Muscogee county until long after E. P. Bowen had surrendered the horse to Swift, and Swift had sold to J. D. Bowen, the claimant, and long after the time provided by law for its record. If these positions be correct, and we think so, the mortgage of Hunt had lost its lien when J. D. Bowen purchased from Swift and E. P. Bowen surrendered the horse to Swift.

3. Whether the horse was properly described in Swift's mortgage or not, and whether the horse levied on was the same horse which is thus described, were properly left to the jury. We see no error in the several rulings and decisions of the court.

Judgment affirmed.