## BOOKER & PRINCE *v.* BASS.

COBB, P. J. 1. On the trial of a claim case, involving title to personal property levied on under a mortgage execution, when the claimant has given a forthcoming bond for the property actually seized by the officer who levied the execution, it is not error in the judge to refuse to dismiss the levy on the ground that the entry thereof on the execution does not sufficiently describe the property. *Garner* v. *Clark*, 115 *Ga.* 666, and cit.

2. In the trial of a case of the character above indicated, whether the property seized under the levy is the property embraced in the mortgage is a question of fact for determination by the jury. *Hunt* v. *Bowen*, 75 *Ga.* 662 (3); *Farkas* v. *Duncan*, 94 *Ga.* 27.

3. An execution issued upon the foreclosure of a mortgage upon personalty, where the amount claimed exceeds $100, may be levied by the sheriff, or his lawful deputy, in any county in which the property is found; and when, upon such execution, there appears an entry of levy, signed by a deputy sheriff, but not stating in what county the levy was made, there will be a presumption, until the contrary appears, that the officer has not exceeded his authority, and that the seizure was within his bailiwick. *Connolly* v. *Atlantic Contracting Co.*, 120 *Ga.* 213 (2).

4. Personal property, encumbered with a mortgage, which becomes a part of the assets of a partnership formed after the execution and record of the mortgage, remains subject to seizure and sale as the property of the mortgagor, notwithstanding the formation of the partnership.

5. If, however, the mortgagee induces another to form a partnership with his mortgagor, upon a statement that the property is unencumbered, he will be estopped from asserting his right to foreclose the mortgage upon the property as against the rights of such partner in the property resulting from the formation of the partnership.

6. The evidence, though conflicting on the material issues in the case, was sufficient to authorize the verdict; and no sufficient reason has been shown for reversing the judgment.

*Judgment affirmed. All the Justices concur.*

Submitted July 18,—Decided December 14, 1906.

Claim. Before Judge Harwell. City court of LaGrange. August 31, 1905.

*H. A. Hall, R. A. S. Freeman,* and *A. H. Thompson,* for plaintiffs in error. *Hatton Lovejoy* and *B. H. Hill,* contra.