### CONTINENTAL SUPPLY CO. v. BADGETT et al.

No. 14629—Opinion Filed Oct. 27, 1925.

Rehearing Denied Dec. 15, 1925.

(Syllabus.)

**1. Chattel Mortgages—Priority—Failure to File Original in Proper County.**

The Continental Supply Company, a corporation of Wichita Falls, Tex., sold to F. L. Badgett and J. W. Badgett, a partnership of Walters, Cotton county, Okla., a well drilling rig. Badgett Brothers borrowed money from the Walters National Bank with which to pay a portion of the purchase price, executing a mortgage upon the drilling rig as security for the repayment thereo , which mortgage was placed of record in Cotton county, Okla. A few days later the purchasers also executed a mortgage to the Continental Supply Company for the balance of the purchase price of the drilling rig, which was also placed of record in Cotton county, Okla. The drilling rig remained in the possession of the seller at Wichita Falls for 30 days thereafter, when it was, by direction of the purchasers, shipped to Carter county, Okla. A duly authenticated copy of the mortgage given for the balance of the purchase price was placed of record in Carter county, Okla. The drilling rig was later moved to Grady county, Okla., and a copy of said mortgage duly filed there. The Walters National Bank also, subsequently, filed a copy of its mortgage in Grady county. The property was never taken to Cotton county. where the original mortgages were filed; neither did the bank ever file a copy of its mortgage in Carter county, Okla. In an action between the two mortgagees, to determine the priority of their mortgages, held, that under the state of facts disclosed by the record the mortgage of the Continental Supply Company for the balance of the purchase price is prior to and a superior lien against the mortgaged property.

**2. Same—Effect of Removing Property to Another County—Refiling.**

When a mortgaged chattel is moved into this state, or from one county to another, any previous filing of the mortgage shall not operate as notice as against subsequent creditors, purchasers, mortgagees, or incumbrancers for a longer period than 120 days after such removal, but such mortgage must be refiled in the county to which the chattel is removed and in which it is permanently located.

Error from District Court, Cotton County; A. S. Wells, Judge.

Action by Continental Supply Company, against F. L. Badgett and J. W. Badgett, a copartnership doing business as Badgett Brothers, and the Walters National Bank. Judgment for defendants, and plaintiff brings error. Reversed.

Keaton, Wells & Johnston, A. H. Japp, and Bryan, Williams & Cave, for plaintiff in error.

Dudley B. Madden and Walter Hubbell, for defendants in error.

PHELPS, J. The Continental Supply Company, a corporation, plaintiff in error, who was also plaintiff below, is a mercantile concern selling oil field equipment and supplies and has several places or branches of business, including Wichita Falls, Tex., and Walters, Okla.

F. L. Badgett and J. W. Badgett were partners engaged in drilling oil and gas wells, and resided in and had their principal place of business in Walters, Cotton county, Okla.

On April 19, 1920, F. L. Badgett, one of the partners, went to plaintiff's place of business in Wichita Falls, Tex., and made known his desire to buy a complete rotary drilling rig and outfit, and was informed by plaintiff that they had such an outfit in transit which would arrive in a few days, upon which he made a down payment of $1,000. On May 6th, the rig having arrived and plaintiff having so notified him, F. L. Badgett went to the place of business of plaintiff in Wichita Falls, Tex., and made a further payment of $6,000 on the rig, leaving the office of plaintiff, however, and re-

turning to Walters, Okla., without having executed the notes for the balance of the agreed purchase price and without having taken possession of the rig.

Also on the 6th day of May, 1920, the other partner, J. W. Badgett, executed a chattel mortgage to the Walters National Bank of Walters, Cotton county, Okla., covering this drilling outfit, to secure the payment of certain indebtedness owing the bank by the partnership, which mortgage recited that the mortgaged property was at the time in Cotton county, Okla., and which mortgage was duly placed of record in Cotton county on the 10th day of May, 1920.

Plaintiff prepared three promissory notes of $3,039.15 each, payable in 60, 90, and 120 days after date, covering the balance of the purchase price of the drilling outfit, also a chattel mortgage to secure the payment of the same, and forwarded them to Walters, Okla., by mail, and they were duly executed for the partnership by J. W. Badgett and returned to plaintiff, said mortgage being placed of record in Cotton county, Okla., on May 14, 1920, and also reciting that the mortgaged property was in Cotton county, Okla.

The drilling outfit remained in the possession of plaintiff in Wichita Falls, Tex., until June 8, 1920, at which time, at the direction of the purchasers, it was shipped to them at Wilson, Carter county, Okla., and plaintiff also filed its mortgage for record in said Carter county. The outfit was later removed to Grady county, Okla., and plaintiff filed its mortgage in that county as provided by law. Subsequently the defendant Walters National Bank also filed its mortgage for record in Grady county. The Badgetts paid the first note, but defaulted in the last two, and plaintiff filed its action for judgment on the notes and foreclosure of the mortgage. making the Walters National Bank a party defendant. All parties answered, and the defendant Walters National Bank claimed a prior lien upon the property in question by reason of its mortgage and prayed foreclosure of the same.

Pending final disposition of the case, the court appointed a receiver and ordered the mortgaged property sold. The outfit was sold under such order to R. H. Sultan, president of the Walters National Bank, for $7,051.50, and the proceeds are held by the receiver awaiting final disposition of the cause.

Upon trial in the district court of Cotton county, without the intervention of a jury, the court found that both mortgages were valid, due, and unpaid, and that the mortgage held by the Walters National Bank was prior and superior to that of the plaintiff, and ordered that the proceeds of the sale of the mortgaged property be first applied to the settlement of the indebtness to the Walters National Bank, for review of which plaintiff brings the case here.

The sole question for our determination is, which one of the mortgages is superior and constitutes a prior lien upon the property in question? There is little dispute as to much of the facts. All parties are agreed that the mortgaged property was never in Cotton county, Okla., although both mortgages recited that at the time they were given it was so located. Without question the mortgage to the bank was first executed and first filed for record in Cotton county. Without dispute plaintiff's mortgage was filed in Carter county, and when the property was removed to Grady county it was also filed there, while the bank's mortgage was never filed in Carter county and was filed in Grady county subsequently to the filing of plaintiff's mortgage there.

Plaintiff claims that the Walters National Bank knew that the drilling outfit was being purchased partly on credit and that it was retaining a lien thereon for the balance of the purchase price, and that under such circumstances the fact that the bank got the first mortgage and was first to place it of record gave it no advantage; while, upon the other hand, the bank claims that the plaintiff knew that it was advancing the part of the purchase price that was paid in cash and knew that the bank was taking a first mortgage upon the property to secure the payment of the money thus advanced, and that because of these facts the bank had a prior lien upon the property. Upon these facts the evidence is conflicting, uncertain, and thoroughly unsatisfactory and, in our judgment, sheds little light upon the merits of the controversy.

It will therefore be necessary, in reaching our conclusions, to depend almost entirely upon the record facts about which there can be no substantial dispute.

Sections 7650 and 7652, C. O. S. 1921, provide as follows:

"A mortgage of personal property is void as against creditors of the mortgagor, subsequent purchasers and incumbrancers of the property, for value, unless the original, or an authenticated copy thereof, be filed by depositing the same in the office of the

register of deeds of the county where the property mortgaged, or any part thereof, is at such time situated. * * *"

"For the purpose of this article property in transit from the possession of the mortgagee to the county of the residence of the mortgagor, or to a location for use, is, during a reasonable time for transportation, to be taken as situated in the county in which the mortgagor resides."

The words, "at such time situated," as used in section 7650, doubtless refer to the date of the execution of the mortgage, and the record discloses that upon the date of the execution of "both" mortgages in question the mortgaged property was neither in Cotton county, Okla., nor in transit to the county of the residence of the mortgagor nor to a location for use, but remained in the possession of the plaintiff, mortgagee, at Wichita Falls, Tex., for a month thereafter. The record discloses that the drilling rig in question was kept and used continuously in Carter county for something like eight or nine months before being taken to Grady county, and under these circumstances we think it can be aptly said that the outfit was "permanently located" in Carter county in contemplation of section 7651, C. O. S. 1921, providing that a chattel mortgage must be refiled "in the county to which the chattel is removed and in which it is permanently located." First Nat. Bank of Vinita v. Guess, 72 Okla. 125, 179 Pac. 29.

When the drilling rig was shipped into Carter county and plaintiff promptly filed its mortgage for record in that county, and then when it was removed to Grady county it promptly filed its mortgage for record in that county, it complied with the statutes and unquestionably became entitled to the first, prior, and superior lien under said mortgage. If the Walters National Bank acquired any priority of lien by reason of its mortgage given and filed for record in Cotton county, when the drilling rig was removed to Carter county and remained in that county for more than 120 days without the mortgage or an authenticated copy thereof being filed in Carter county, it lost the same when plaintiff, without notice of the bank's claim, filed its mortgage in Carter county, and the district court committed error in finding that the bank had a prior lien under its mortgage.

The judgment is therefore reversed, and the district court directed to render judgment for both claimants for the full amount due upon the promissory notes and to make plaintiff's judgment a prior lien upon the proceeds of the sale of the mortgaged property.

All the Justices concur.

Note.—See under (1) 11 C. J. pp. 527, § 211; 529, § 218; 650, § 392; 5 R. C. L. p. 409; 1 R. C. L. Supp. pp. 1391 et seq.; 4 R. C. L. Supp. p. 327; 5 R. C. L. Supp. p. 282 (2) 11 C. J. p. 530, § 218; 5 R. C. L. p. 418,