### Riley v. Commonwealth.

(Decided Nov. 15, 1938.)

S. H. RICE for appellant.

HUBERT MEREDITH, Attorney General, and WILLIAM HAYES, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This appeal challenges the propriety of proceedings resulting in a judgment convicting appellant of selling personal property upon which there was then an unsatisfied mortgage of record and fixing his punishment at one year's confinement in the state reformatory.

His motion for a new trial having been overruled, he prosecutes this appeal.

At the June term, 1937, of the Owsley Circuit Court, the appellant, Justice Riley, was indicted for the offense, denounced by section 1358, Kentucky Statutes, of selling mortgaged property with the intent to hinder or prevent the enforcement of the lien thereon.

Upon the case being called for trial, the defendant demurred to the indictment, which was overruled, whereupon he pleaded not guilty.

The commonwealth, to maintain the charge of the indictment against defendant, introduced the mortgagee, Roscoe Stewart, who testified that he and his brother were merchants, who lived and had their place of business on Lower Buffalo creek in Owsley county, Kentucky, and that the defendant, Riley, having become indebted to them in trading with them, was asked by him to make them safe in the debt he owed them, to which he had answered that he would; that he made them a mortgage on two cows he owned, which was at once by him recorded in the clerk's office of Owsley county; that he later, some time in March, 1937, heard that the defendant had sold one of these cows mortgaged him to secure the store debt in the amount of $50; that he asked the defendant if he had sold the cow, to which he answered that he had not.

Further he testified that the defendant had paid him no part of the proceeds received from the sale of the cow.

The mortgage introduced in evidence showed that it was executed by the defendant to the Stewarts on January 11, 1936, to secure a debt of $50, on two cows then owned by the defendant, and that it was thereupon duly recorded in the county.

On the other hand, the defendant, when testifying in his own behalf, admitted the execution of the mortgage upon his two cows and that the same was given to the Stewarts to secure their debt of $50 and was by them duly recorded. He further testified that before selling one of these mortgaged cows, he went to the mortgagee and told him he wanted to sell him the cow, its purchase price to be applied on his debt, but that his offer was declined, but that mortgagee consented to his selling the cow, which he later sold and out of the purchase price paid $15 upon his mortgage debt; that he believed the other cow he retained afforded ample security for the remainder of the debt; that soon thereafter

the mortgagees foreclosed their mortgage upon the defendant's second cow, which at its sale brought $40, of which the net amount of $28 was paid upon the mortgage debt.

The mortgagee, on cross-examination, denied that $15 or any part of the proceeds of the wrongful sale of the cow by defendant was ever paid him upon the mortgage debt, but that such amount was paid upon another debt owing him by the defendant. Also, he admits that the defendant at one time asked him to himself buy the cow and apply the proceeds on his mortgage debt, but denies that he ever consented to the defendant's selling the cow.

Defendant further testified that he had never denied selling the cow, when questioned by mortgagee as to its sale.

There was no proof offered showing that the defendant was a resident of Owsley county, where the mortgagees placed their mortgage to record.

At the conclusion of the testimony for the commonwealth, the defendant moved the court for a directed verdict of not guilty, which was refused and which motion was again renewed at the close of all the testimony and again overruled, to which ruling the defendant saved exceptions.

Thereupon the court instructed the jury in substance that if they believed from the evidence beyond a reasonable doubt "that the defendant, Justice Riley, unlawfully, knowingly and fraudulently sold, concealed, disposed of or removed from this state any personal property on which there was at the time a mortgage of record, with intent to prevent or hinder the enforcement of the lien thereon or the foreclosure of the mortgage, and that said personal property was of a value of twenty dollars or more at the time of such selling, * * *," they would find the defendant guilty as charged and gave further the reasonable doubt instruction.

The jury having returned a verdict finding the defendant guilty and fixing his punishment at one year's confinement in the state reformatory, and the defendant's motion and grounds for a new trial having been overruled, he has appealed, insisting as grounds for reversal of the judgment of conviction that: (1) The defendant was entitled to a directed verdict of not guilty; and (2) that the court improperly instructed the jury.

In support of the first of these objections, the defendant argues that the defendant told Stewart that he was going to sell the cow (after he had declined to accept it on the debt); that the entire matter was open and known to the prosecuting witness and that there was no proof of fraud in the transaction, especially in view of the fact that the defendant retained the other cow to secure the debt.

While as to this it may be conceded that the gist of the offense charged, of fraudulently selling mortgaged property to prevent enforcement of the lien, is the attempt to perpetrate a fraud by placing the property beyond the power of the lien holder to enforce the claim, and while the disposition of the mortgaged property would ordinarily be prima facie evidence of the fraudulent purpose required by the terms of the statute, it would not necessarily show such intent, and if it did not, no offense would be established. The intent and purpose to defraud constitute the offense denounced by the statute and such intent must be gathered from attendant circumstances shown by the evidence and the question of intent is left to and determined by the jury, as intent is a question of fact resting within the determination of the jury. Commonwealth v. Wiggins, 165 Ky. 73, 176 S. W. 946.

As to the further point urged in support of this first objection, that the commonwealth failed to prove the residence of defendant before showing that the mortgage was valid as having been properly recorded in the county of defendant's residence, he contends that the commonwealth in failing to show this failed to make up the complete offense charged, in support of which he relies on the case of Wyrick v. Commonwealth, 246 Ky. 127, 54 S. W. (2d) 629, similar in its facts to the one at bar in that the commonwealth was prosecuting the mortgagor for having sold, with fraudulent intent, certain machinery upon which there was at the time a mortgage of record. In the Wyrick Case we said [page 630]:

"The point is made that it is essential to a conviction that the mortgage be legally recorded; that under our statute and decisions the recording of a chattel mortgage to be valid as constructive notice must be in the county of the owner's residence, if he have a place of residence in this state. * * * On the other hand the commonwealth contends that the

crime is complete if the accused sells personal property on which there is a mortgage of record, regardless of where the mortgage may be recorded. * * * The Legislature must have intended something by the requirement that the mortgage be of record. The only purpose of recording a mortgage is to make it valid as constructive notice. If not recorded in the proper place, it has no more effect than an unrecorded mortgage, and the words 'of record' in the statute would add nothing whatever to the statute. We are therefore constrained to the view that the words 'of record' mean of record in the county where the mortgage is properly and legally recordable for the purpose of constructive notice. As the uncontradicted evidence shows that appellant lived in Kentucky at the time the mortgage was recorded, and did not live in Lee county, the mortgage was not properly recordable in that county, and therefore was not a mortgage 'of record' within the meaning of the statute."

To like effect see Burbank & Burbank v. Bobbitt, 157 Ky. 524, 163 S. W. 457, where we, in construing section 495, Kentucky Statutes, providing that "all deeds and mortgages and other instruments of writing which are required by law to be recorded to be effectual against purchasers without notice, or creditors, shall be recorded in the clerk's office of the court of the county in which the property conveyed, or the greater part thereof, shall be," said:

"Under this statute, it has been consistently held by this court that a mortgage on personalty should be recorded in the county of the residence of the owner thereof, that county being, in legal contemplation, the situs of the property."

In view of such being the legal principle requiring the mortgage debt to be recorded in the county of the mortgagor's residence, that being, in legal contemplation, the situs of the property, appellant contends that the commonwealth failed to make out the offense charged against him, in having failed to show that the mortgage of record, the enforcement of which he is charged by the indictment with fraudulently attempting to defeat by selling the personal property covered by it, was valid in that it was necessary to show not only that the mortgage had been recorded, but recorded in the

county of the defendant's residence, and that therefore he was entitled to have a peremptory instruction of acquittal.

However, the Wyrick Case, supra, relied on by defendant in support of this contention, can be very easily distinguished in its facts from the case at bar.

There it positively appeared that the mortgage of record, given by the defendant upon certain property which he had sold while it was yet unsatisfied or unreleased, had not been recorded in the county of the mortgagor's residence and that, by reason of such omission, the same was not a valid mortgage.

Here it is not testified by the defendant or anyone that he is not a resident of Owsley county, but, on the other hand, by the reasonable implication of the testimony of both the mortgagor and mortgagee it very definitely appears that the mortgage of record here in question was recorded in the county of the mortgagor's residence.

The evidence as to this is that the defendant had been a customer at Stewart's store in the county, running an account there with him, and had gotten so in debt to him over a rather long period of time that he mortgaged him the two cows he owned, but one of which he sold. He further states that he was unable to keep her confined within the fences at his home or place where he lived. Further, it was shown by his mortgage, which was foreclosed in the same court, that it had been enforced by the mortgagees as a valid mortgage against one of the cows of the defendant and of record in the clerk's office of that county.

There is no such evidence as to the mortgage being recorded in the county of the mortgagor's residence in the Wyrick Case, but, on the other hand, his positive testimony was that he was not a resident of the county in which it was recorded, as required by the statute.

We are therefore of the opinion that the defendant was not entitled to a directed verdict, as there was evidence before the jury that the mortgage in question given by the defendant was not only a mortgage of record, but one recorded in the county of his residence.

Turning now to the second of the appellant's objections, that the court improperly instructed the jury, we find that the same is without merit.

Defendant argues, in support of this criticism, that the defendant was entitled to an instruction, not given by the court, that "if he paid the $15.00 on the mortgage debt and in good faith believed that the cow kept by him was worth sufficient to pay the balance of the debt, then the jury should find the defendant not guilty."

Clearly such an instruction would not properly direct the jury as to the law of the case, in that, even if the defendant had shown he had paid a part of the sale proceeds of the cow wrongfully sold by him on the mortgage debt, that did not excuse his wrong doing in selling the mortgaged property nor did it give him license to decide what property of that mortgaged by him he might withdraw and sell upon his being of the opinion that enough property was left in lien to satisfy his mortgage debt. To allow such right to a mortgagor would most likely result in the mortgagee being defeated in the collection of his debt by a foreclosure of his mortgage lien.

We have carefully considered the objections urged and are constrained to conclude that the appellant has here had a fair trial, in which no error prejudicial to his substantial rights has been committed by the trial court, and therefore its judgment must be, and it is, affirmed.