## National Fire Ins. Co. of Hartford, Conn., v. Collinsworth et al.

Oct. 31, 1941.

Dysard & Dysard and Patrick J. McGill for appellant.

Martin & Smith for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

In this action by appellees against appellant on a fire insurance policy covering theft of an automobile a judgment was rendered in favor of appellees for $1,324 and the appeal is from that judgment.

The facts, about which there is little dispute, were as follows. In March, 1938, Harlan Lavender bought a car in New York City. Shortly thereafter, in Ashland, Kentucky, he executed a bill of sale of the car to his mother for the purpose of preventing subjection of the car to claims of his creditors, but the car was not licensed in her name. On July 6, 1938, Lavender executed a chattel mortgage to Richard Schwimmer for $545 and the mortgage was assigned to a finance company. This

happened in New York. On August 22, 1938, appellees bought the car from Lavender in Ashland, Kentucky, for approximately $800, financing the purchase with a bank in Huntington, W. Va. At the time of this financing appellees took out the insurance policy involved in this case covering loss of the car by theft. Neither the bank nor the insurance company knew of the mortgage held by the finance company. The car was stolen from appellees on March 11, 1939, and two days thereafter was in possession of the finance company in New York which held the mortgage. The only material controversy in the evidence was as to Lavender's residence and this question was submitted to the jury, which found that he was a resident of Ashland. We assume this as a fact since the evidence was sufficient to support this finding.

The mortgage to Schwimmer, which was assigned to the finance company, was executed in Brooklyn, New York, and the car was present in Brooklyn at that time. Lavender represented to Schwimmer that he had lived in Brooklyn for four years. Schwimmer verified this, even checking to see that Lavender had a residence at the place designated by him, going to this residence for that purpose. Lavender was a sailor out of New York for nine years and when on shore had been staying in Brooklyn. He received mail addressed to him in Brooklyn. He was in Brooklyn for various periods of time in January, February, March, April, June and July, 1938, and the car was there stored in March, April and May. The mortgage to Schwimmer recited his address to be in Brooklyn.

The policy contained a provision that the company should not be liable for loss or damage to property insured while subject to a mortgage except one specifically set out and described in a designated paragraph of the policy. The mortgage to Schwimmer was not set forth or described in the designated paragraph and the appellant's defense was an alleged breach of this condition.

The case was tried upon the theory that the provision against a mortgage on the car was material to the risk and that if there was a valid mortgage thereon the appellees could not recover. This theory was correct since the validity and materiality of such a provision had been upheld by this court. See Aetna Insurance Co. v. Commercial Credit Co., 252 Ky. 539, 67 S. W. (2d)

676, and cases therein cited. The fact that the car in controversy turned up in the hands of the mortgagee immediately after the theft is an apt illustration of the reasonableness and advisability of such a provision.

As proven on the trial, a New York statute provides:

"* * * Every * * * chattel mortgage, or an instrument intended to operate as such, or a true copy thereof, must be filed in the town or city where the mortgagor, if a resident of the state, resides at the time of the execution thereof, and if not a resident, in the city or town where the property mortgaged is at the time of the execution of the mortgage. * * *." Lien Law, Consol. Laws, c. 33, Section 232.

It was appellant's theory that the mortgage to Schwimmer was valid because under the statute it was properly recordable in Brooklyn, even though Lavender was a non-resident of New York, while appellees' theory was that as Lavender was a non-resident of New York the mortgage was not properly recordable in Brooklyn. The trial court accepted the latter theory and instructed the jury to find for appellant unless they believed that at the time of execution of the mortgage Lavender did not reside in Brooklyn, in which latter event they should find for the plaintiff. The jury, as indicated above, found for appellees.

Assuming that recording of the mortgage was an essential of appellant's non-liability, this being the theory upon which the case is briefed, the only question before us is whether a chattel mortgage executed by a non-resident of the state of New York in the city of Brooklyn, with the chattel there present at the time of the execution of the mortgage, is properly recordable in Brooklyn.

The New York statute, on its face, apparently is free from ambiguity and leaves little room to doubt that a chattel mortgage executed by a non-resident must be recorded in the city or town where the property mortgaged is at the time of the execution of the mortgage in order to be effective as to creditors and purchasers. Appellees insist, however, that as no construction of this foreign statute by the New York courts was proven the courts of this state should construe it as they would a

like statute of this state and that a like statute of this state, Section 495, Kentucky Statutes, providing that mortgages shall be recorded in the "county in which the property conveyed, or the greater part thereof, shall be," has been construed by this court to require recording in the county of the mortgagor's residence.

It is true that in a long line of decisions this court, in construing the Kentucky statute, has held that a chattel mortgage must be recorded in the county of the mortgagor's residence without regard to the place where the property happened to be. Singleton v. Young's Ex'r, 3 Dana 559; Vaughn v. Bell, 9 B. Mon. 447; Coppage v. Johnson, 107 Ky. 620, 55 S. W. 424; Riley v. Commonwealth, 275 Ky. 370, 121 S. W. (2d) 921. Such decisions, however, concern mortgages executed by a resident of the state and no decision is pointed out placing such a construction on a mortgage executed by a non-resident. The Kentucky statute does not make a distinction between mortgages executed by residents and by non-residents as does the New York Statute and to adopt the interpretation of the New York Statute advanced by counsel for appellees involves an assumption that the New York Legislature committed an absurdity. That statute provides that where the owner is a resident of the state mortgages shall be recorded at his residence and where the owner is a non-resident a different provision is made, that is, that the mortgage shall be recorded "where the property mortgaged is at the time of the execution of the mortgage." Under the interpretation urged by appellees, that adopted by the trial court, the provision of the statute as to non-residents is superfluous and meaningless and the words "where the property mortgaged is at the time of the execution of the mortgage" mean the same as the words "where the mortgagor * * * resides." The Supreme Court of the United States in Stewart v. Platt, 101 U. S. 731, 736, 25 L. Ed. 816, in commenting on the New York statute said:

"Its solution depends upon the meaning of the word 'reside' employed in the statute. * * * The statute upon its face furnishes persuasive evidence that its framers intended to make a sharp distinction between the place where the property might be at the time of the execution of the mortgage and the place of the mortgagor's residence. If he be a non-

resident  *  *  *  the mortgage may be filed in the town or city where the property shall be at the time' of the execution of the mortgage. If he be a resident, then his residence, not the actual situs of the property, governs."

The Kentucky recording statute referred to above, on the construction of which by this court the appellees place so much stress, does not contain the sharp distinction pointed out by the Supreme Court.

It is suggested by counsel for appellees that a literal application of the New York statute would permit a car owner to create a mortgage in every state in the union. This may be true and may result in the perpetration of frauds but it constitutes no valid reason to emasculate the statute. It is impossible to enact a statute with respect to movable personal property adequate to meet every situation but the wisdom of the statute is not to be judged by what may happen in extreme cases and, in any event, is for the Legislature to determine.

We cannot escape the conclusion that the intent of the New York statute was to make a clear distinction between mortgages of residents, which should be recorded at the residence of the owner, and those of non-residents, which should be recorded where the property was actually located when the mortgage was executed. This being true, it follows that the mortgage was a valid one duly recorded in New York and the trial court should have directed a verdict for appellant.

It is insisted, however, that appellees were entitled to a directed verdict because title to the automobile, at the time of the execution of the mortgage to Schwimmer, was in Carrie Lavender pursuant to the bill of sale executed by Harlan Lavender to her prior to the mortgage. We see no merit in this contention. The automobile was licensed and registered in the name of Harlan Lavender at the time of the execution of the mortgage and was in his possession. It continued to remain in his possession after the execution of the bill of sale. Carrie Lavender did not register herself as the owner in compliance with Kentucky Statutes, Section 2739g-2a, and obviously the bill of sale could not affect the right of a mortgagee without notice thereof, the status occupied by Schwimmer. Kentucky Statutes, Section 2651b-25.

404

It is further insisted that appellees were entitled to a directed verdict for the reason that the mortgage to Schwimmer was invalid because it was not acknowledged. An examination of the New York statute, however, put in evidence by Patrick J. McGill, one of appellant's attorneys, who testified with reference to the New York law, discloses that the New York law does not require acknowledgment of a chattel mortgage. The New York statute requires only that the mortgage, or a copy thereof, be "filed as directed." Certain language of this witness is seized on by counsel for appellees as indicating that the New York law requires acknowledgment of such a mortgage and, considered alone, such language is probably subject to that construction. However, an examination of all the testimony of this witness reveals that acknowledgment is not necessary. The witness stated directly that there was due and proper filing within the meaning of the New York statute. The language of the witness relied on as showing that acknowledgment was necessary was used by him in making the point that the New York courts are committed to the doctrine of lex loci contractus and it seems clear that he did not testify that acknowledgment was essential.

The judgment is reversed with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.