BURKE v. FIRST NAT. BANK OF YUKON.

No. 31960. March 5, 1946.

Rehearing Denied April 30, 1946.

*168 P. 2d 285.*

E. M. Carter and A. L. Emery, both of Okmulgee, for plaintiff in error.

Priest & Belisle, of Oklahoma City, and Q. D. Gibbs, of Okmulgee, for defendant in error.

PER CURIAM. This is an action in replevin commenced by the First National Bank of Yukon, Okla., hereinafter called plaintiff, against John Lenox, sheriff of Okmulgee county, to recover possession of a 1941 Ford 1½-ton truck with dump bed. The truck had been

levied upon by the sheriff under an attachment writ issued by Lee Burke, creditor of Robert Johnson. Lee Burke filed an answer and cross-petition. The cause was tried to a jury which returned a verdict for the plaintiff against Lee Burke and the Sheriff Lenox, and Burke alone, hereinafter called defendant, appeals.

The evidence discloses, without substantial conflict, that on the 28th day of August, 1943, Robert Johnson executed a chattel mortgage to the plaintiff to secure the payment of a promissory note for $742 executed and delivered to the plaintiff on the same date. This mortgage was filed in Oklahoma county on August 31, 1943. Defendant in his answer and cross-petition set up an attachment levied by the sheriff on November 5, 1943, in an action on a debt for merchandise sold and delivered by Lee Burke, the defendant, to Robert Johnson. W. M. French filed an answer and cross-petition setting up a chattel mortgage executed December 9, 1943, to secure a promissory note executed June 11, 1943. The cross-petition of W. M. French was dismissed upon his motion.

It is first argued that there is no competent evidence reasonably tending to support the verdict of the jury and the judgment of the court rendered thereon. 46 O.S. 1941 § 57 provides, in effect, that a chattel mortgage shall be filed in the county where the property is situated. 46 O. S. 1941 § 58 provides that thereafter the mortgagee is protected for 120 days after the property is removed to another county. It is the contention of defendant that the truck was never situated in Oklahoma county. There is no question that Johnson lived in Okmulgee county, at Morris, Okla., where he maintained a family of himself, his wife and eight children. He had at least three trucks. There is evidence that he did hauling with all three trucks. There is no evidence that he hauled freight, as claimed by defendant, with the truck in question. It is a dump truck suitable for hauling gravel. On the date of the execution of the mort-

gage he was staying at a tourist camp on West 39th street in Oklahoma county and took his meals at a small cafe near there. He got his mail on route 3, box 528, out of Oklahoma City. This is gained from the testimony of L. M. Glasgow who stated that the truck was seen repeatedly in Oklahoma county at the tourist camp and in front of the cafe. It was used by Johnson in constructing army air strips in Oklahoma county. There is very little testimony, if any, that the truck in question was used, or located, in Okmulgee county. As we understand the position of defendant, it is not seriously insisted that the truck was located in Okmulgee county.

He cites and relies upon Burbank & Burbank et al. v. Bobbitt, 157 Ky. 524, 163 S. W. 457; Beaver Creek Consol. Coal Co. v. Porter Mining Co., 60 F. 2d 602; Riley v. Commonwealth, 275 Ky. 370, 121 S. W. 2d 921, and several other cases, among them, Yellow Mfg. Acceptance Corp. v. Rogers, 235 Mo. A. 96, 142 S.W. 2d 888; and cases cited and analyzed in Yellow Mfg. Acceptance Corp. v. Rogers, supra, to the effect that the property is situated where the mortgagor resides. Insofar as these cases support the rule that the chattel mortgage must be filed in the county of the residence of the mortgagor, they are contrary to the holdings of this court. Some states have statutes specifically providing that the chattel mortgage must be filed in the county of the residence of mortgagor and the cases merely follow the statute; but see Beaver Creek Consol. Coal Co. v. Porter Mining Co., supra, criticizing the Kentucky courts for so holding in the absence of a specific statute.

Defendant states that this court has never passed upon this identical question at bar. This may be technically true. In Continental Supply Co. v. Badgett, 114 Okla. 1, 242 P. 209, this court held: (1) that the chattel mortgage should be filed in the county where the property was located and that a filing in the county of the residence of the

mortgagor was not sufficient; (2) that where the chattel mortgage was properly filed in Carter county, where the property was situated, the mortgagee was protected for 120 days after the removal to another county against a mortgagee who had filed the chattel mortgage in the county of the residence of mortgagor. The statute provides that where it is filed where the property is situated, this affords 120 days in which to file a certified copy in the county to which the property has been removed. Continental Supply Co. v. Badgett, supra; First National Bank v. Guess, 72 Okla. 125, 179 P. 29.

Defendant also cites and relies upon Cowart v. Allen, 37 Okla. 708, 134 P. 66, wherein the court held that a chattel mortgage executed while the chattels were in Lincoln county and filed in Lincoln county after the chattels were removed with the consent of the mortgagee to Okfuskee county was insufficient against a third party. We fail to see how this rule can benefit the defendant. It is rather an authority for plaintiff and in this respect similar to Continental Supply Co. v. Badgett, supra, in that it holds that regardless of the residence of the mortgagor the mortgage should be first filed where the property is situated. To the same effect see Mitchell v. Guaranty State Bank, 68 Okla. 110, 172 P. 47. There is competent evidence from which the jury was warranted in finding that the truck was situated in Oklahoma county on the date the chattel mortgage was filed therein.

In this connection defendant asserts that by reason of 46 O. S. 1941 § 59, the chattel mortgage should have been filed in Okmulgee county because Johnson was operating as a common carrier. As stated above, there is no evidence that the truck in question was operated to haul freight. We find no evidence in the record to sustain the proposition that Johnson was operating as a common carrier so as to require the filing of the chattel mortgage in the case at bar in Okmulgee county in compliance with any provision of our statute.

It is next argued that the trial court erred in giving instructions 1, 3, and 4. No specific objection is made to instruction No. 1. It is not set out as required by the rules of this court. Instructions 3 and 4 are as follows:

"3. You are further instructed that the filing of a mortgage of personal property, operated as notice thereof to all subsequent purchasers and incumbrancers to so much of said property as is at the time located in the county or counties wherein such mortgage or authenticated copy thereof is filed: Provided, that when a mortgaged chattel is moved from one county to another in this state, any previous filing of the mortgage shall not operate as notice as against subsequent creditors, purchasers, mortgagees or incumbrancers for a longer period than one hundred and twenty days after such removal, but such mortgage must be refiled in the county to which the chattel is removed, and in which it is permanently located.

"4. As hereinbefore instructed, a mortgage of personal property is void as against creditors of the mortgagor (who in this case is Robert Johnson) unless the original, or a certified copy thereof be filed in the offices of the county clerk in each county wherein the property mortgaged, or any part thereof, is at such time situated.

"In this connection, you are instructed that the words, 'at such time situated,' as used herein, refer to the date of the execution of the mortage. A short stay of personal property during its transit through a place is not sufficient, but, in the ordinary sense, movables are situate in the place where they are used day after day; where they are stored, housed, or kept, when not in actual use, and where the business in which they are employed is done.

"You are therefore instructed that the burden of proof is upon the plaintiff to prove by a preponderance of the evidence that the truck involved herein was situated, as defined herein, in Oklahoma county, on the 28th day of August, 1943, and the dates when their respective mortgages were executed.

"You are further instructed that the burden is upon the defendant, Lee Burke, to prove by a preponderance of

the evidence in this case, that the truck belonging to the said Robert Johnson, was situated, as defined in these instructions on the 28th day of October, 1943, the date when the order of attachment was levied in Okmulgee county, Oklahoma."

Defendant objects that the instructions assume the property was situated in Oklahoma county and that the plaintiff properly filed the chattel mortgage therein. We do not believe the jury was misled by these instructions. Instruction No. 4 states that before the jury was warranted in finding that the chattel mortgage could be filed within 120 days in Okmulgee county, it must be first found from the evidence that the property was situated in Oklahoma county and the word "situated" is clearly defined. Defendant objects to the use of the phrase "burden of proof" in instruction No. 4. While the burden of proof never shifts from the plaintiff, it was the duty of the defendant to establish any defense after the plaintiff had offered its evidence of proper filing in Oklahoma county, and while not particularly approving the language used, we are of the opinion that the above instructions reasonably submitted to the jury the issues involved.

Finally the defendant argues that the trial court erred in allowing W. M. French to dismiss his answer and cross-petition. Under 12 O. S. 1941 § 683 any party has a right to dismiss except that such dismissal shall not affect the counterclaim of any party who has filed one after the pleadings have been made up. The defendant had no counter-claim against W. M. French. This contention is without substantial merit. The defendant shows no prejudice by reason of dismissal as to W. M. French and we find none.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, CORN, and ARNOLD, JJ., concur.