## SIMS v. COMMONWEALTH.

Court of Appeals of Kentucky.
May 22, 1953.

Rehearing Denied Oct. 2, 1953.

Myers & Logan, Bowling Green, for appellant.

J. D. Buckman, Jr., Atty. Gen., and John B. Browning, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

The appellant, Herman Sims, was found guilty of selling mortgaged property in violation of KRS 434.210 and sentenced to 3 years in prison. On appeal, he relies upon the following grounds for reversal: (1) The court erred in refusing to peremptorily instruct the jury to return a verdict of acquittal; (2) error in admitting incompetent evidence; and (3) error in failing to instruct the jury upon appellant's theory of the case.

The evidence offered in behalf of the Commonwealth established that on March 21, 1950, appellant, in consequence of a loan, executed a note in the sum of $1065.-70 to the Mammoth Cave Production Credit Association (hereinafter referred to as Credit Association). To secure the payment of the note, appellant executed a chattel mortgage to the Credit Association on a tobacco crop, numerous cattle, farm machinery and implements, all of which was described with particularity in the mortgage. The mortgage was duly recorded.

Burns Carroll, manager of the Credit Association, testified that after the note became due, he had a conversation with appellant regarding the payment of the note. Mr. Carroll stated that appellant told him

he was unable to pay the note and admitted he had sold some of the property which he had mortgaged to the Credit Association.

Mr. Carroll then caused suit to be filed against the appellant in an effort to collect the amount of the loan. An attachment was issued against appellant's property. The deputy sheriff, who served the attachment papers, testified that he was unable to find any property belonging to appellant except an old 1937 truck. The loan was not repaid; the mortgage was not released and according to Carroll's testimony, appellant had disposed of some of the property he had mortgaged to the Credit Association.

The evidence was sufficient to support the conviction. There is conclusive proof of the execution and acknowledgment of the mortgage. There is evidence that appellant disposed of the mortgaged property with the result that the Credit Association was prevented from foreclosing its lien. The element of intent to defraud the mortgagee may be inferred by the jury from the attendant circumstances shown by the evidence and whether or not such intent existed is a question of fact that is determined by the jury. Riley v. Commonwealth, 275 Ky. 370, 121 S.W. 2d 921; Quillen v. Commonwealth, 275 Ky. 158, 120 S.W.2d 1047; Commonwealth v. Wiggins, 165 Ky. 73, 176 S.W. 946.

Appellant insists that the evidence of Burns Carroll was incompetent because it was shown that Carroll was not employed by the Credit Association at the time of the negotiations for the loan. Carroll's testimony consisted chiefly of introducing the contents of the mortgage by reading from the mortgage and evidence concerning the business practices of the Credit Association with which he was familiar and conversations which he had with appellant wherein appellant admitted disposing of the mortgaged property. This evidence was competent.

Appellant next urges that he was entitled to a concrete instruction embracing his theory of the case. Appellant admitted he signed the mortgage, but insists that the mortgage did not contain a de-

scription of the property encumbered at the time he affixed his signature. He denied that he had ever owned some of the property described in the mortgage which included some of the items he had certified that he owned in his application for the loan. However, much of appellant's testimony was contradicted by the evidence introduced by the Commonwealth. Appellant's defense amounted to a denial of the existence of certain elements of the crime charged against him.

The instruction given by the court followed the language of the statute and its negative (raised by the usual reasonable doubt instruction) adequately covered his defense. See, Reynolds v. Commonwealth, Ky., 257 S.W.2d 514.

Finding no error in the record prejudicial to appellant's substantial rights, the judgment is affirmed.