37151. CASTLEBERRY *v.* ASSOCIATES DISCOUNT CORPORATION.

DECIDED MAY 22, 1958—REHEARING DENIED JUNE 11, 1958.

712

714

715

716

*Theo J. McGee, Max R. McGlamry,* for plaintiff in error.
*William C. Carter, Wm. A. Leonard,* contra.

GARDNER, Presiding Judge. So far as we have been able to determine, the question now before us has never been dealt with except in the case of *Hunt* v. *Bowen,* 75 *Ga.* 662, wherein what is now Code § 67-108 was cited, and in *Evans Motors of Ga.* v. *Gump Finance Corp.,* 80 *Ga. App.* 836 (57 S. E. 2d 506) wherein Code § 67-108 was cited and quoted. The facts in *Evans Motors of Ga.* v. *Gump Finance Corp.,* supra, are not in any wise similar to the facts in the instant case. The transaction in which the plaintiff's car in the instant case was sold was handled in direct compliance with the provisions of Code § 67-108 as interpreted in *Hunt* v. *Bowen,* supra. To hold otherwise, would be to hold that, when a nonresident comes into Georgia and buys a car (or other personal property), such car would have to be registered in every county in Georgia and in every county of the State of the residence of the nonresident purchaser. Code § 67-108 reads: "Mortgages on realty shall be recorded in the county where the land lies; on personalty, in the county where the mortgagor resided at the time of its execution, if a resident of this State, and if a nonresident, in the county where the mortgaged property is. If a mortgage shall be executed on personalty not within the limits of this State, and such property shall afterwards be brought within the State, the mortgage shall be recorded according to the above rules within six months after such property is so brought in. All chattel mortgages of stocks of goods, wares, and merchandise, or other personal property, shall be recorded, in case the same is upon property or goods located in some other county than that of the mortgagor's residence, in the county where said personal property is located at the time of the execution of said mortgage, in addition to the record of said mortgage in the county of the mortgagor's residence. Where a mortgage either upon realty or personalty is executed to secure the payment of money or other thing of value, and the same is not recorded as provided by law, but such mortgage is renewed or re-executed, in every case of renewal or re-execution of a mortgage

which has not been recorded, such mortgage shall operate as a lien upon the property of the mortgagor only as against the. mortgagor himself and those having actual notice of such mortgage, except from the date of the record of such mortgage." That Code section was intended to protect the citizens of Georgia in just such instances as are involved in this case. It would have been quite easy for the purchaser of the car in Atlanta to make some sort of investigation. as to whether or not there were any liens against the car. There were many methods by which the purchaser (or anyone else) could have secured information in order to be protected.

Under similar statutes and statements of facts, it has been held in other jurisdictions that the location of the property *at the time of execution of the instrument* controls, although the nonresident purchaser and the seller intend that it is to be immediately removed from the State. See National Fire Insurance Co. *v.* Collinsworth, 288 Ky. 398 (156 S. W. 2d 157).

The general grounds and special grounds are not meritorious.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*